■ JOHN BRECHUE, JR., Appellant-Respondent, v TOWN OF WHEATFIELD, Respondent-Appellant. [661 NYS2d 334] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, an employee of Socko Sewer Services, was injured while on the site of a sewer construction project. At the time of the accident, plaintiff was standing on the road adjacent to a trench. His co-workers were attempting to move a trench box, which was frozen in place between the earthen trench walls, when the box suddenly dislodged and one of the attached I-beams fell approximately four feet before landing on plaintiff's foot.

Plaintiff contends that Supreme Court erred in dismissing the Labor Law § 240 (1) cause of action because he was struck by a falling object that was improperly hoisted and inadequately secured. Because plaintiff's activities involved "the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1)", the court properly dismissed the section 240 (1) cause of action (*Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843; *see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 489, *rearg denied* 87 NY2d 969; *Smith v New York State Elec. & Gas Corp.,* 82 NY2d 781; *Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049; *Malecki v Wal-Mart Stores,* 222 AD2d 1010). In addition, that cause of action cannot be sustained because plaintiff's injuries were not the result of an object falling from an elevated work surface (*see, Misseritti v Mark IV Constr. Co., supra; Smith v New York State Elec. & Gas Corp., supra; Adamczyk v Hillview Estates Dev. Corp., supra; Ruiz v 8600 Roll Rd.,* 190 AD2d 1030, 1031).

Plaintiff also contends that the court erred in determining that certain provisions of the Industrial Code were too general or inapplicable to support the Labor Law § 241 (6) cause of action. On its cross appeal, defendant contends that plaintiff failed to establish a violation of Labor Law § 241 (6). A cause of action against an owner or contractor under Labor Law § 241 (6) must allege the violation of a specific rather than a general safety standard established by the Labor Commissioner (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 503-505; *Adamczyk v Hillview Estates Dev. Corp., supra,* at 1050). The court properly determined that plaintiff's allegations that de-

fendant violated the specific safety standards set forth in 12 NYCRR subpart 23-4 are insufficient because those regulations involve the shoring and stabilization of trenches and other excavation work and, therefore, do not apply to this case (*see, Adamczyk v Hillview Estates Dev. Corp., supra,* at 1050). The court also properly determined that the safety regulations set forth in 12 NYCRR 23-6.1, which state the general requirements for material hoisting equipment, are not applicable in the circumstances of this case. We reject plaintiff's contention that defendant's conduct violated the safety standards set forth in 12 NYCRR 23-9.4, which relates to power shovels and backhoes used for material handling. The court properly determined that 12 NYCRR 23-9.4 (a) is too general to support a section 241 (6) cause of action and that subdivisions (d), (f) and (h) are inapplicable in the circumstances of this case. The court erred, however, when it determined that 12 NYCRR 23-9.4 (e) (1) is sufficient to support the section 241 (6) cause of action. Although section 23-9.4 (e) (1) sets forth a specific safety standard, it is inapplicable in the circumstances of this case.

Therefore, we modify the order by granting defendant's motion in its entirety and dismissing the Labor Law § 241 (6) cause of action and otherwise affirm. (Appeals from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ.