■ RICHARD H. DOMENECH et al., Respondents, v ASSOCIATED ENGINEERS et al., Appellants, et al., Defendants. (And a Third-Party Action.) [683 NYS2d 67] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 24, 1997, which denied as untimely defendants' motion for summary judgment dismissing plaintiffs' complaint as against them, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against Associated Engineers. The Clerk is directed to enter judgment in favor of defendant-appellant Associated Engineers dismissing the complaint as against it.

The IAS Court erred in rejecting as untimely the motion by Associated Engineers (Associated) for summary judgment, since it was made within 120 days of the effective date of the amendment to CPLR 3212 (a) (*see, Phoenix Garden Rest. v Chu*, 245 AD2d 164; *see also, Krug v Jones*, 252 AD2d 572).

Turning to the merits of Associated's claim, it is well settled that liability for an injury sustained by a worker may not be imposed upon an engineer who was hired to assure compliance with construction plans and specifications, unless the engineer

commits an affirmative act of negligence or such liability is imposed by a clear contractual provision (*Prado v Bowne & Sons*, 207 AD2d 875). "[The] duty to inspect was not sufficient by itself to result in liability under the Labor Law since the contract only obligated defendant to report any deviations from the project design or delays to the engineer in charge, an employee of the State, and there is no evidence otherwise to indicate that defendant had any duty or authority to direct that any action be taken by the State in response to its inspection". (*Carter v Vollmer Assocs.*, 196 AD2d 754.) Similarly, in this case, Associated's function was to report to the Department of Environmental Protection (DEP). The contract specifically states that it was the agent of the DEP, and there is no evidence that it had any authority to require any type of corrective action. There is nothing in the terms of the contract or plaintiff's other submissions that would raise a triable issue of fact on that issue. Concur—Sullivan, J. P., Rosenberger, Williams and Saxe, JJ.