■ ROBERT P. MILANI et al., Respondents, v BROADWAY MALL PROPERTIES, INC., Defendant, HICKSVILLE MULTIPLEX CINEMAS, INC., et al., Respondents, BAY CRANE SERVICE OF LONG ISLAND, INC., Appellant-Respondent, THOMAS GALGAN et al., Respondents-Appellants, and ZVI CONSTRUCTION COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. J.C. STEEL CORP. et al., Third-Party Defendants-Respondents. (And Another Third-Party Action.) [689 NYS2d 203] —In an action to recover damages for personal injuries, etc., (1) the defendant Bay Crane Service of Long Island, Inc., appeals, as limited by its brief, from so much of an order of the

Supreme Court, Nassau County (Lockman, J.), entered January 27, 1998, as amended by order of the same court, entered February 4, 1998, as denied that branch of its motion which was for summary judgment on its cross claim against the defendant J.C. Steel Corp. for contractual indemnification for the costs of its defense, (2) the defendants Thomas Galgan and Able Welding Corp. cross-appeal, as limited by their brief, from so much of the same order, as amended, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and (3) the defendant third-party plaintiff ZVI Construction Company, Inc., cross-appeals, as limited by its brief, from so much of the same order, as amended, as denied its cross motion for partial summary judgment dismissing the plaintiffs' Labor Law § 240 (1) claim and denied as premature its separate cross motion for summary judgment against the third-party defendant Topper & Griggs, Inc., on its causes of action to recover damages for contractual indemnification and breach of contract.

Ordered that the order, as amended, is modified, on the law, by (1) deleting therefrom the provision denying that branch of the motion of the defendant Bay Crane Service of Long Island, Inc., which was for summary judgment on its cross claim for contractual indemnification, and substituting therefor a provision granting that branch of the motion, and (2) deleting therefrom the provision denying that branch of the cross motion of ZVI Construction Company, Inc., which was for summary judgment on its cause of action to recover damages for breach of contract against the third-party defendant Topper & Griggs, Inc., for failure to obtain insurance, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order, as amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court erred in denying that branch of the motion of the defendant Bay Crane Service of Long Island, Inc., which was for summary judgment against the defendant J.C. Steel Corp. on its cause of action for contractual indemnification for its expenses in defending this action. The broad indemnification provision of the parties' contract must be read to include attorney's fees, even though the provision does not expressly mention attorney's fees (see, Merchants Mut. Ins. Co. v Saxon Indus., 170 AD2d 654; Lavorato v Bethlehem Steel Corp., 91 AD2d 1184).

The Supreme Court also erred in denying, as premature, that branch of the cross motion of ZVI Construction Company, Inc. (hereinafter ZVI), which was for summary judgment on its

cause of action to recover damages for breach of contract against the third-party defendant, Topper & Griggs, Inc. (hereinafter T & G), for failure to obtain insurance naming ZVI as an additional insured. T & G did not oppose ZVI's request for this relief and has not submitted a brief on appeal. Additionally, there is no question that T & G failed to procure insurance naming ZVI as an additional insured as required by the contract between them (*see, Kinney v Lisk Co.,* 76 NY2d 215; *Schumann v City of New York,* 242 AD2d 616; *Keelan v Sivan,* 234 AD2d 516).

The Supreme Court properly denied summary judgment dismissing the injured plaintiff's causes of action under Labor Law § 240 (1). The injured plaintiff, an iron worker, was struck in the head by a weight ball attached to the cable of a boom crane which was being used to lift steel beams to his elevated worksite. From this record, it cannot be concluded, as a matter of law, that his injury did not result from the elevation and gravity-related risks covered by the statute (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509).

The parties' remaining contentions are without merit. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.