■ HELEN MARTIN, as Administrator of the Estate of ROGER MARTIN, Deceased, Appellant, v A-1 COMPACTION, INC., et al., Respondents, et al., Defendants. [692 NYS2d 450] —In an action to recover damages for wrongful death and personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered June 19, 1998, as (a) granted the motion of the defendant Anthony Macera, Inc., for summary judgment dismissing the complaint insofar as asserted against it, (b) granted the separate motion of the defendant A-1 Compaction, Inc., for partial summary judgment dismissing the cause of action under Labor Law § 240 (1) insofar as asserted against it, and (c) denied her cross motions for summary judgment on the issue of liability under Labor Law § 240 (1) insofar as asserted against Anthony Macera, Inc., and A-1 Compaction, Inc.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The decedent was fatally injured when he jumped up and down on the conveyor belt of a wood chipper in order to collapse the belt so the chipper could be moved. Labor Law § 240 (1) was designed to provide "exceptional protection" for workers against the "special hazards" that arise when the work site either is itself elevated or is positioned below the level where "materials or load [are] hoisted or secured" (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). Here, there was no work site, elevated or otherwise, and no exceptional protection was needed insofar as the uncontroverted evidence was that the conveyor belt could be folded while the workers stood on the ground (*see, Brechue v Town of Wheatfield,* 241 AD2d 935). By attempting to collapse the conveyor belt for transportation, the decedent was not faced with the special elevation risks contemplated by the statute (*see, Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.