■ GREGORY A. SOSHINSKY, Appellant, v CORNELL UNIVERSITY, Respondent. [703 NYS2d 550] —Mercure, J. P. Appeal from an order of the Supreme Court (Rumsey, J.), entered June 15, 1999 in Cortland County, which granted defendant's motion for partial summary judgment dismissing plaintiff's Labor Law § 200 and negligence claims.

Plaintiff's employer, Paolangeli Contractors, contracted with defendant to excavate a trench on defendant's property and, following defendant's placement of pipe and insulation in the trench, refill it. On October 3, 1996, plaintiff was working with Edward Rohde, another Paolangeli employee, in the refilling process. At that time, Rohde was operating a backhoe. He would scoop up soil with the backhoe's bucket, drive the backhoe to the edge of the trench and then dump the soil inside. It was plaintiff's responsibility to stand nearby and give Rohde hand signals showing him when to come to a stop at the edge of the trench. The accident giving rise to this action took place when a front wheel of the backhoe slipped into the trench as Rohde was dumping the soil, causing the backhoe's bucket to lurch to the side and strike plaintiff. Following joinder of issue and discovery, Supreme Court granted summary judgment dismissing plaintiff's causes of action alleging negligence and a violation of Labor Law § 200. Plaintiff appeals.

We affirm. As recognized by Supreme Court, an essential precondition to liability under either common-law negligence or Labor Law § 200 is the authority to control the activity bringing about the injury (*see, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877). Notably, an owner or general contractor's retention of general supervisory control, presence at the worksite or authority to enforce general safety standards is insufficient to establish the necessary control (*see, Moutray v Baron*, 244 AD2d 618, 619, *lv denied* 91 NY2d 808; *Tambasco v Norton Co.*, 207 AD2d 618, 621, *lv dismissed* 85 NY2d 857). Here, the uncontroverted evidence presented on the motion established that defendant neither retained nor exercised any meaningful control over Paolangeli's work. In fact, Paolangeli's proprietor submitted an affidavit stating that he provided supervision of his own crew and that defendant's employees

were never involved in any supervision of the work performed by his employees. Plaintiff presented no contrary evidence. We note that, even if applicable to this job, the provisions of defendant's project manual that are relied upon by plaintiff created nothing more than the kind of general supervisory powers that have been found insufficient to create liability (*see, Tambasco v Norton Co., supra*, at 621).

As a final matter, we are unpersuaded that a duty of care arose because defendant created or was aware of a dangerous condition. There is no competent evidence in the record to support a finding that any dangerous condition existed by virtue of the fact that the trench passed through a macadam roadway at the site of the accident and, to the extent that any dangerous condition existed, it was readily observable (*see, Gavigan v Bunkoff Gen. Contrs.*, 247 AD2d 750, 751, *lv denied* 92 NY2d 804; *Dorr v General Elec. Co.*, 235 AD2d 883, 885).

Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.