■ HERMAN JAEGER et al., Respondents, v COSTANZI CRANE, INC., Appellant, et al., Defendants. [720 NYS2d 235] —Peters, J. Appeal from an order of the Supreme Court (Teresi, J.), entered January 6, 2000 in Albany County, which, *inter alia*, denied a motion by defendant Costanzi Crane, Inc. for summary judgment dismissing the complaint against it.

In December 1996, plaintiff Herman Jaeger (hereinafter plaintiff), an employee of Jett Industries, Inc., sustained injuries while working at a bridge construction site in Schoharie County. Jett, the general contractor, subcontracted with defendant John M. Mullins Rigging and Hauling, Inc. (hereinafter Mullins) and Husted Concrete Products, Inc. for the delivery and erection of 36-ton concrete beams. Husted hired defendant Costanzi Crane, Inc. (hereinafter defendant) to provide it with a crane and operator for one day.

In response to a determination by defendant's crane operator that the site was not properly prepared to accommodate the weight of the crane, topography changes were made by Jett employees so that the safety and stability of the crane could be insured. Once implemented, defendant's crane was positioned, along with the crane provided by Mullins, on opposite sides of a river bed to facilitate a simultaneous lowering of each of the 36-ton concrete beams onto abutments. A rubber bearing plate had already been placed on the abutments to act as cushioning.

As the second beam was being lowered by the two cranes, hovering only five to six inches above the rubber bearing plates, plaintiff noticed that a bearing plate was crooked and that the worker assigned to straighten it appeared to be unable to do so. Despite no request, direction or instruction, plaintiff jumped into the gully next to the abutment, pushed the worker aside and reached in with his left hand to straighten the plate. As his fingertips reached the plate, the beam was lowered, trapping his left arm. Upon plaintiff's outcry, the beam was directed to be lifted.

Plaintiff and his wife, derivatively, commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendant and Mullins both as-

serted cross claims for indemnification and contribution, with defendant thereafter moving and plaintiff cross-moving for summary judgment. Supreme Court denied both motions, prompting this appeal by defendant.

Plaintiff's Labor Law § 240 (1) claim is unavailing; the facts alleged do not fall within the "special hazards" for which the Legislature sought to provide protection. While "specific gravity-related accidents [such] as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501) are covered, protection will not be provided for "*any and all* perils that may be connected in some tangential way with the effects of gravity" (*id.*, at 501 [emphasis in original]; *see, Corey v Gorick Constr. Co.*, 271 AD2d 911, 912).

Here, certain laborers, not plaintiff, were assigned the task of setting the bearing plates. Prior to this accident, they were personally instructed by Charles Hubbell, employed by Husted, that the positioning of the plates would be permanently adjusted after the initial placement. Once the crane was ready for operation, all of defendant's actions and movements were controlled exclusively by a Husted employee using OSHA standard hand signals. The beam was, at all times, lowered in a controlled manner, never becoming unhooked from the crane. Upon being advised of plaintiff's injury, the operator immediately raised the beam to allow for his removal. Had the 36-ton beam not been completely under defendant's control, plaintiff's hand would have likely been crushed rather than injured. Since plaintiff's injuries were not caused by a malfunction, failure or lack of a protective device, plaintiff's claim under Labor Law § 240 (1) must fail (*see, Corey v Gorick Constr. Co.*, *supra*; *cf., Milani v Broadway Mall Props.*, 261 AD2d 370).

Turning to the claims alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6), when a defendant, as here, acts neither in the role of an owner nor general contractor, it is established as "an essential precondition" (*Soshinsky v Cornell Univ.*, 268 AD2d 947) to the imposition of liability that the third party be shown to have the supervision or control over the activities which brought about the injury (*see, id.*, at 947; *Riley v S & T Constr.*, 172 AD2d 947, 948, *lv denied* 78 NY2d 853). Based upon this record, these claims must also fail. Defendant asserted and Husted confirmed that it had no supervisory control over the work site since contractually the crane operator was to take all directions with respect to the use of the equipment from a signal person employed by Husted. Plaintiff's emphasis upon defendant's direction to him

and other employees to change the topography of the site before the crane was set, coupled with its independent decision as to how the beams would be hooked and the speed with which they would be lowered, failed to impact, in our view, its lack of supervisory control over the activities which brought about plaintiff's injury (*see, Soshinsky v Cornell Univ.*, *supra*; *Riley v S & T Constr.*, *supra*).

Accordingly, defendant's motion for summary judgment dismissing the complaint should have been granted.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Costanzi Crane, Inc., by reversing so much thereof as denied said defendant's motion for summary judgment dismissing the complaint; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.