■ NICOLA SAINATO et al., Respondents, v CITY OF ALBANY, Appellant, et al., Defendant. [727 NYS2d 741] —Spain, J. Appeal from that part of an order of the Supreme Court (Teresi, J.), entered September 13, 2000 in Albany County, which partially denied defendant City of Albany's motion for summary judgment dismissing the complaint against it and granted plaintiffs' cross motion to amend the complaint.

Plaintiff Nicola Sainato (hereinafter plaintiff), while employed by Hudson River Construction Company, was working in defendant City of Albany with a crew engaged in removing sections of sidewalk with a backhoe when he was struck by a falling streetlight pole. The sidewalk adjacent to the light pole had already been removed and the backhoe was approximately 15 feet away from the pole at the time of the accident. Plaintiff was sweeping debris out of a driveway, wearing his hard hat, when the pole fell—apparently due to its corroded condition—and grazed the right side of his head and his right shoulder.

Plaintiffs commenced this action alleging that defendants violated Labor Law §§ 200, 240 and 241 (6), causing injury to plaintiff. The City moved for summary judgment seeking dis-

missal of the complaint and plaintiffs cross-moved for leave to amend their complaint to add a cause of action against the City sounding in common-law negligence and to assert the nondelegable duty exception (see, CPLR 1602 [2] [iv]) to the limited liability afforded to the City as a joint tortfeasor under CPLR article 16. Supreme Court granted plaintiffs' cross motion, as well as the City's motion for summary judgment with respect to the Labor Law § 240 claim, but otherwise denied the City's motion finding that issues of fact exist as to whether the City violated Labor Law §§ 200 and 241 (6). Only the City appeals.

First, the City contends that Supreme Court should have granted summary judgment to it on the Labor Law § 200 claim. Correctly noting that "an essential precondition to liability under * * * Labor Law § 200 is the authority to control the activity bringing about the injury" (Soshinsky v Cornell Univ., 268 AD2d 947), and that to sustain a Labor Law § 200 cause of action the defendant must have had "actual or constructive notice of the condition which caused the accident" (Cole v Rappazzo Elec. Co., 267 AD2d 735, 736), the City contends that it had neither sufficient control over the job site nor the requisite notice to give rise to a Labor Law § 200 cause of action.

We agree. "Notably, an owner or general contractor's retention of general supervisory control, presence at the worksite or authority to enforce general safety standards is insufficient to establish the necessary control [for a Labor Law § 200 cause of action] [citations omitted]" (Soshinsky v Cornell Univ., supra, at 947). Here, the record establishes that although the City retained some general, supervisory control to ensure that the contractor was working in a safe manner, it did not exercise any direct control over the contractor's employees or manner in which the work was performed. Under these circumstances, the City cannot be held liable under Labor Law § 200 (see, id.; Rice v City of Cortland, 262 AD2d 770, 772; Moutray v Baron, 244 AD2d 618, 619, lv denied 91 NY2d 808). Furthermore, plaintiffs submitted no evidence to rebut the City's proof that it did not have actual notice of the pole's condition, but argue that because a corroded light post fell at a different location in the City approximately three years prior to this accident, the City had constructive notice. We find that this isolated incident is insufficient to hold the City to constructive notice of the condition of the pole that fell on plaintiff (see, Piacquadio v Recine Realty Corp., 84 NY2d 967; Aronoff v United Fedn. of Teachers, 232 AD2d 311).

With respect to plaintiffs' Labor Law § 241 (6) claim, the

City maintains that the regulations relied upon by plaintiffs are not applicable here and, in any event, lack sufficient specificity to give rise to liability under that statute. "Labor Law § 241 (6) imposes a nondelegable duty on owners and contractors and their agents to provide adequate safety protection for workers and to comply with specific safety rules and regulations promulgated by the Commissioner of Labor [citations omitted]" (*Rice v City of Cortland, supra,* at 771). The City's supervision or control over a job site is not a prerequisite to liability under Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 502), but plaintiffs must "demonstrate a breach of a regulation containing specific commands and standards" (*Rice v City of Cortland, supra,* at 773).

Here, in support of their Labor Law § 241 (6) cause of action, plaintiffs rely on alleged violations of three provisions of the Industrial Code relating to protection in construction, demolition and excavation operations (*see,* 12 NYCRR 23-4.1 [a]; 23-3.4 [b]; 23-3.2 [b]). The first regulation, entitled "General requirements," provides: "Stability of structures. Except in hard rock, whenever *any excavation* is to be performed in the vicinity of buildings, *structures or utilities,* the integrity, stability and structural adequacy of such buildings, structures or utilities shall be maintained at all times by the use of underpinning, sheet piling, bracing or other equivalent means to prevent *damage to or failure of* foundations, walls, supports or utility facilities and to prevent injury to any person. Such underpinning, sheet piling, bracing or equivalent means shall be inspected at least once each day or more often if conditions warrant. Every such inspection shall be conducted by an experienced, designated person" (12 NYCRR 23-4.1 [a] [emphasis supplied]). The City is not entitled to summary judgment on the Labor Law § 241 (6) cause of action because it did not meet its burden of demonstrating that this regulation is not applicable to plaintiff's accident (*see, Bockmier v Niagara Recycling,* 265 AD2d 897). Indeed, triable issues of fact exist concerning the applicability of this regulation, given that removal of the sidewalk with a backhoe was an excavation and a light pole can be a "structure" or "utility" within the meaning of this regulation (*see, Sponholz v Benderson Prop. Dev.,* 273 AD2d 791, 792; *see also,* 12 NYCRR 23-1.4 [b] [19] [defining the term excavation work to include "(t)he removal of earth, rock or other material in connection with construction or demolition operations"]; *Lewis-Moors v Contel of N. Y.,* 78 NY2d 942, 943 [telephone pole a "structure" for Labor Law § 240 (1) purposes]; *Garrant v New York Tel. Co.,* 179 AD2d 960, 961 [telephone line part of a "structure" under Labor Law § 240 (1)]).

This regulation appears to primarily be aimed at protecting against collapses associated with a loss of stability created by the excavation. Here, while the light pole's foundation apparently remained in the ground, the light pole itself broke off. In our view, the circumstances and cause of the accident raise issues of fact inappropriate for resolution by summary judgment. Furthermore, we disagree with the City that this regulation is too general to give rise to a duty under Labor Law § 241 (6) inasmuch as it specifically mandates the use of certain devices to prevent collapses and requires, at a minimum, daily inspections (*see, Brechue v Town of Wheatfield*, 241 AD2d 935, 936, *lv denied* 94 NY2d 759 [characterizing safety standards as set forth in 12 NYCRR 23-4 as "specific"]; *Gawel v Consolidated Edison Co.*, 237 AD2d 138 [finding sufficiently specific 12 NYCRR 23-3.3 (c) requirement to use "shoring, bracing or other effective means"]).

We reach a different conclusion, however, with respect to the remaining regulations relied upon by plaintiffs. First, 12 NYCRR 23-3.4 (b) does not give rise to Labor Law § 241 (6) liability under these facts. That regulation, entitled "Mechanical methods of demolition," states:

"The use of * * * any * * * mechanical device or equipment for the purpose of demolishing a building *or other structure* or any remaining portion thereof shall be in accordance with the following requirements: * * *

"(b) Structural stability. Walls, chimneys and *other parts* of any building *or other structure* shall not be left unsupported or unguarded in such condition that such parts may fall, collapse or be weakened by wind pressure or vibration" (12 NYCRR 23-3.4 [b] [emphasis supplied]).

This regulation is inapplicable insofar as it pertains to the stability of the structure or building that is being demolished but not surrounding structures or buildings.

Also inapplicable is 12 NYCRR 23-3.2 (b), entitled "General requirements" and which provides: "Protection of adjacent structures. During the demolition of any building *or other structure*, the employer performing such demolition shall examine the walls of all buildings *or other structures* adjacent to the one which is to be demolished. Such examination shall include a determination of the thickness and method of support of any wall of such adjacent buildings or other structures. Where there is any reason to believe that an adjacent building or other structure or any part thereof is unsafe or may become unsafe because of the demolition operations, such operations shall not be performed until means have been provided to

insure the stability and to prevent the collapse of such adjacent buildings or other structures. Such means shall consist of sheet piling, shoring, bracing or the equivalent" (12 NYCRR 23-3.2 [b] [emphasis supplied]). We agree with the City that this provision does not apply to the sidewalk removal because, within the context of this particular regulation, a sidewalk is not a "structure" inasmuch as it does not have walls that might support "any wall of * * * adjacent buildings or other structures" (*id.*).

Finally, based on our previously discussed conclusion that plaintiffs' Labor Law § 200 claim should have been dismissed because the City lacked the requisite control over the job site and notice of the light pole's condition, we conclude that Supreme Court erred, in part, in granting plaintiffs permission to amend the complaint to state a cause of action sounding in common-law negligence (*see, Sajta v Latham Four Partnership*, 282 AD2d 969; *Soshinsky v Cornell Univ.*, 268 AD2d 947, *supra* [control and notice essential preconditions to liability under either common-law negligence or Labor Law § 200]). We perceive no abuse of discretion, however, in Supreme Court granting plaintiffs permission to amend the complaint to assert the non-delegable duty exception under CPLR 1602 as the City failed to demonstrate that it was prejudiced by the amendment (*see, Seaman Corp. v Binghamton Sav. Bank*, 243 AD2d 1027).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant City of Albany's motion for summary judgment with respect to plaintiffs' Labor Law § 200 cause of action and, as granted that portion of plaintiffs' cross motion to amend the complaint to add a cause of action for common-law negligence; motion granted to that extent and cross motion denied to that extent; and, as so modified, affirmed.