■ Lester Fairchild, Jr., et al., Appellants, v Servidone Construction Corporation et al., Respondents. (Action No. 1.) Lester Fairchild, Jr., et al., Appellants, v Construction Equipment Company et al., Defendants, and A. Servidone, Inc., et al., Respondents. (Action No. 2.) (And a Third-Party Action.) [733 NYS2d 735] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered April 13, 2000 in Ulster County, which granted motions by defendants in action No. 1 and certain defendants in action No. 2 for summary judgment dismissing the complaints against them, and (2) from an order or said court, entered October 2, 2000 in Ulster County, which, *inter alia*, upon reargument, adhered to and further clarified its prior decision.

Plaintiff Lester Fairchild, Jr. (hereinafter plaintiff) was injured when he fell from a ladder affixed to a rock-crushing machine during the course of his employment for third-party defendant, K.C. Canary-Clifton Park, Inc. Plaintiff, a heavy

equipment mechanic, was directed by his employer to make a warranty service call to repair a "fairly new" rock-crushing machine located at a construction site. Plaintiff made a trip to the construction site on a Friday, diagnosed the problem and returned to the site with the appropriate parts to perform the warranty repair work on the following Sunday. In addition to the repair work, plaintiff was directed to "get hours and serial numbers off of different components on the machine for K.C. Canary's records." Plaintiff testified that he had completed the repair work from ground level then "climbed up underneath the machine on the inside of the rails" and "jiggled * * * up the conveyor belt" to get the serial numbers. He fell from an allegedly defective ladder while alighting from the machine after he had completed this second job.

Plaintiff and his wife, derivatively, commenced two separate actions for damages against multiple defendants alleging various causes of action. The actions were joined for the purposes of discovery and, upon completion of discovery, defendants (hereinafter the moving defendants)[1] against whom violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence, were alleged successfully moved for summary judgment dismissing all of the Labor Law causes of action. On a subsequent application for reargument, Supreme Court clarified that the common-law negligence cause of action against the moving defendants was dismissed. Plaintiff appeals from both orders and we affirm.

Treating, without deciding, the moving defendants as owners, general contractors or agents thereof, we turn first to plaintiffs' Labor Law § 240 (1) cause of action. Plaintiffs argue that plaintiff was repairing a structure at the time that he fell from an elevated work site and was therefore within the protection of Labor Law § 240 (1). We disagree. Plaintiff's deposition testimony clearly establishes that he had two separate and distinct jobs to perform on the day that he was injured, repair the rock-crushing machine and secure serial numbers from other components of the machine for his employer's records. His first job, replacing a hydraulic pump on the machine, was performed from ground level. His second job required him to ascend to an elevated site, which provided the occasion for plaintiff's fall while he was alighting from the machine (see,

1. Specifically, these defendants are: Eklecco, the general contractor and owner of the premises upon which plaintiff was injured, and Servidone Construction Corporation, MJB Corporation, Inc., Andretta Associates, Inc., A. Servidone, Inc., B. Anthony Construction Corporation and James Rainey, allegedly general contractors or the agents thereof.

*e.g., Bond v York Hunter Constr.*, 95 NY2d 883, 884-885). Plaintiff's job of obtaining serial numbers and machine hours for his employer's records, so that if "a motor went bad they could order up another electric motor for that machine," was not a protected activity covered under Labor Law § 240 (1),[2] nor incidental to the repair work that plaintiff completed earlier (*see, Martinez v City of New York*, 93 NY2d 322, 326). Consequently, Supreme Court properly dismissed this cause of action against the moving defendants.

Next, we do not find that the rules and regulations of the Commissioner of Labor found at 12 NYCRR 23-1.21 or 12 NYCRR 23-9.2 form the requisite predicate for plaintiffs' Labor Law § 241 (6) claim.[3] It is well established that in order to hold an owner or contractor liable under this statute, the rule or regulation alleged to have been breached must mandate "compliance with concrete specifications" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Plaintiffs rely on 12 NYCRR 23-1.21, which applies to ladders and ladderways, but have not alleged a violation of a specific regulatory standard in their complaint or bill of particulars. On appeal, plaintiffs have tailored their argument to allege a specific violation of 12 NYCRR 23-1.21 (e), which sets forth the standards for stepladders. We have previously held that 12 NYCRR 23-1.21 (e) (2) does not set forth a concrete regulatory violation sufficient to sustain a cause of action under Labor Law § 241 (6) (*see, Spenard v Gregware Gen. Contr.*, 248 AD2d 868, 871; *cf., Enderlin v Hebert Indus. Insulation*, 224 AD2d 1020, 1021) and, in any event, we find no applicability of the standards set forth in 12 NYCRR 23-1.21 (e) to this case since plaintiff did not fall from a stepladder (*see, Creamer v Amsterdam High School*, 241 AD2d 589, 591). Likewise, 12 NYCRR 23-9.2, which encompasses the general requirements for power-operated equipment, has been found to merely set forth general safety

---

**2.** Labor Law § 240 (1) provides in pertinent part that: "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the *erection, demolition, repairing, altering, painting, cleaning* or *pointing* of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed [emphasis supplied]."

**3.** Plaintiffs' bill of particulars alleged a violation of 12 NYCRR 23-1.5 and violations of 29 CFR 1910.27 and 1926.1053, but plaintiffs do not address those allegations on appeal and, therefore, have abandoned such claims (*see, Matter of Federation of Mental Health Ctrs. v DeBuono*, 275 AD2d 557, 560 n 3).

standards and not the concrete specification required to support plaintiffs' claimed violations of the nondelegable duty imposed upon owners and general contractors by Labor Law § 241 (6) (*see, Moffett v Harrison & Burrowes Bridge Contrs.*, 266 AD2d 652, 654; *Armer v General Elec. Co.*, 241 AD2d 581, 583, *lv denied* 90 NY2d 812). Accordingly, we also find that all causes of action based on a violation of Labor Law § 241 (6) were properly dismissed.

Finally, plaintiffs' attempt to impose liability upon any of the moving defendants for breaching their respective duty to maintain a safe construction site under a theory of common-law negligence or the codification of that duty under Labor Law § 200 must also fail. Initially, despite plaintiffs' contentions to the contrary, there is no evidence in the record that any of the moving defendants had notice of any dangerous or defective condition of the machine. It is clear that the ladder affixed to the machine was welded and an extension had been added to it. The extension was connected to the affixed portion of the ladder by hinges, allowing the extension to be lowered to the ground to permit access to the machine and to be raised and wired to the affixed portion when not in use. Plaintiffs allege that the extension was not securely wired to the ladder allowing it to move causing plaintiff to fall. Plaintiffs point to the deposition testimony of defendant James Rainey that he was aware that the ladder affixed to the machine was welded and an extension was added to it.

However, Rainey, an employee of a nonparty to this action, never testified that the ladder was defective or dangerous. Additionally, despite the readily observable nature of this alleged defect or unsafe condition (*see, Soshinsky v Cornell Univ.*, 268 AD2d 947, 948), it was plaintiff's decision to climb underneath the machine and jiggle up the conveyor belt to get the serial numbers from the machine instead of using the ladder by unwiring the extension from the affixed portion of the ladder, lowering it to the ground and presumably eliminating the allegedly defective condition. And because this was a Sunday when no other construction work was being performed, none of the moving defendants had representatives at the site to exercise any supervisory control over the manner or method that plaintiff performed his work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505, *supra*; *Rapp v Zandri Constr. Corp.*, 165 AD2d 639, 642). Accordingly, based on this record, Supreme Court properly dismissed plaintiff's Labor Law § 200 and common-law negligence causes of action against

the moving defendants (*see, Jaeger v Costanzi Crane*, 280 AD2d 743, 744-745; *Lyon v Kuhn*, 279 AD2d 760, 761; *Riccio v Shaker Pine*, 262 AD2d 746, 747-748, *lv dismissed* 93 NY2d 1042).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.