■ TED RULAND et al., Appellants, v LONG ISLAND POWER AUTHORITY, Respondent. [774 NYS2d 84]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of (1) an order of the Supreme Court, Suffolk County (Lifson, J.), entered January 2, 2003, as granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiffs' cause of action to recover damages for violations of Labor Law § 241 (6), and (2) a judgment of the same court, entered January 22, 2003, upon the order, as dismissed that cause of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The injured plaintiff was working at a power substation owned by the defendant when the ground surrounding an eight-foot deep, two-foot diameter excavation settled, causing him to fall into a depression that had formed near the excavation. He and his wife commenced this action against the defendant alleging, inter alia, violations of Labor Law § 241 (6), based upon the defendant's alleged failure to comply with three provisions of the Industrial Code, 12 NYCRR 23-4.1 (a), 23-4.2 (a), and 23-4.2 (h). The Supreme Court granted that branch of the defendant's

motion which was for summary judgment dismissing the plaintiffs' cause of action to recover damages for violations of Labor Law § 241 (6). We affirm insofar as appealed from.

Contrary to the plaintiffs' contentions, all three provisions of the Industrial Code upon which they rely are inapplicable to the facts of this case, as all three regulations are intended to prevent accidents or to protect classes of persons other than those involved here (*see Sainato v City of Albany,* 285 AD2d 708 [2001]; *Friot v Wal-Mart Stores,* 240 AD2d 890 [1997]).

In light of this determination, we need not reach the parties' remaining contentions. Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.