◼ RAYMOND A. CARNEY, Appellant, v ALLIED CRAFTSMAN GENERAL CONTRACTORS, INC., Respondent, et al., Defendants. [780 NYS2d 441]—

Spain, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered January 9, 2004 in Rensselaer County, which granted a motion by defendant Allied Craftsman General Contractors, Inc. for summary judgment dismissing the complaint against it.

On October 30, 2000, plaintiff was employed as a framer by Dolphin Builders and was involved in the construction of a home in the Town of Brunswick, Rensselaer County. Defendant Allied Craftsman General Contractors, Inc. (hereinafter defendant), the general contractor on the project, hired Dolphin as its framing subcontractor to construct the skeleton or frame of the home, including the walls, the surface of the floors and the roof. According to plaintiff, he and four other Dolphin employees were attempting to raise an outside wall (46 feet long and 9 feet high) into place by hand when two of his coworkers lost their grip, causing the weight of their share of the wall to press down on plaintiff's arms and head, compressing his neck and resulting in injuries. Plaintiff then commenced this action, alleging claims based upon Labor Law §§ 200, 240 (1) and § 241, as well as common-law negligence. Supreme Court granted defendant's motion for summary judgment dismissing plaintiff's complaint against it in its entirety. Plaintiff appeals, arguing that his Labor Law § 200 and common-law negligence claims should not have been dismissed.

We affirm. Labor Law § 200 codifies "the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (*Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Goad v Southern Elec. Intl.*, 304 AD2d 887, 888 [2003]). As the general contractor, defendant "is not required to protect employees from defects in a subcontractor's equipment or unsafe work practices, except in those instances where the general contractor exercises actual control over the unsafe work place and has actual or constructive notice thereof" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 295 AD2d 723, 724 [2002], *lv denied* 98 NY2d 614 [2002] [citation omitted]; *see Monroe v Bardin*, 249 AD2d 650, 652 [1998]). Indeed, "an essential precondition to liability under either common-law negligence or Labor Law § 200 is the authority to control the activity bringing about the injury" (*Soshinsky v Cornell Univ.*,

268 AD2d 947, 947 [2000]; *see Ryder v Mount Loretto Nursing Home*, 290 AD2d 892, 893-894 [2002]).

Here, the undisputed evidence demonstrates that it was Dolphin's practice to manually raise fully assembled walls and that defendant did not specifically direct Dolphin's method or manner of work. Indeed, defendant's involvement was limited to brief visits to the work site from time to time to ensure that Dolphin had the materials it needed and that the work was being done according to the plans. Plaintiff's reliance on defendant's admitted authority to stop a subcontractor from engaging in an unsafe practice and defendant's general oversight of the progress and quality of the work is insufficient to raise a material question of fact with respect to whether defendant exercised the requisite degree of supervision and control over the work being performed to sustain a claim under Labor Law § 200 or common-law negligence (*see Schwab v Martini, Inc.*, 288 AD2d 654, 657 [2001], *lv denied* 97 NY2d 609 [2002]; *Soshinsky v Cornell Univ., supra* at 947-948; *Riccio v Shaker Pine*, 262 AD2d 746, 748 [1999], *lv dismissed* 93 NY2d 1042 [1999]). As such, Supreme Court properly granted defendant's motion for summary judgment dismissing those causes of action.

Peters, J.P., Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.