■ PETER SCARSO, Respondent, v M.G. GENERAL CONSTRUCTION CORP. et al., Defendants, M AND G GENERAL CONSTRUCTION CORP., True Name M & G GENERAL CONSTRUCTION CORP., Appellant, and YITZCHOK I. GROSSMAN, Respondent. [792 NYS2d 546]—

In an action to recover damages for personal injuries, the defendant M and G General Construction Corp., true name M & G General Construction Corp., appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated February 20, 2004, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), based upon an alleged violation of 12 NYCRR 23-4.1, insofar as asserted against the appellant and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly sustained personal injuries when he fell into an excavation located on premises owned by the defendant Yitzchok I. Grossman. According to the plaintiff, he climbed into a company truck to retrieve a shovel. Upon alighting from the truck, he lost his balance on a metal step attached to the truck, which caused him to stumble and fall into an excavation situated approximately four to five feet away from the truck. The plaintiff commenced this action against, among others, Grossman and the appellant, the general contractor on the project, alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6), and based upon common-law negligence. Thereafter, the appellant cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the appellant's cross motion.

The Supreme Court erred in denying that branch of the appellant's cross motion which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 240 (1) insofar as asserted against it. The plaintiff's fall was not due to an elevation-related risk contemplated by that statute (*see Bond v York Hunter Constr.*, 95 NY2d 883, 884-885 [2000]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]).

Further, the Supreme Court erred in denying that branch of the appellant's cross motion which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241 (6), based upon an alleged violation of 12 NYCRR 23-4.1 insofar as asserted against it. That regulation "appears to primarily be aimed at protecting against collapses [of structures] associated with a loss of stability created by the excavation" (*Sainato v City of Albany*, 285 AD2d 708, 711 [2001]), and does not apply here.

However, the Supreme Court properly denied that branch of the appellant's cross motion which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 241 (6), based upon alleged violations of 12 NYCRR 23-1.7 (b) (1) and 23-4.2 (h). Those regulations are sufficiently specific to support a cause of action under Labor Law § 241 (6) (*see Ozzimo v H.E.S., Inc.*, 249 AD2d 912, 914 [1998]; *Brechue v Town of Wheatfield*, 241 AD2d 935, 935-936 [1997]) and the appellant failed to establish that it did not violate those regulations or that the regulations were not applicable to the plaintiff's accident (*see Danchick v Contegra Servs.*, 299 AD2d 923, 924 [2002]; *Sainato v City of Albany, supra*).

With respect to the causes of action alleging violation of Labor Law § 200 and based upon common-law negligence, the Supreme

Court properly denied those branches of the appellant's cross motion which were for summary judgment dismissing those causes of action insofar as asserted against it. The appellant failed to meet its prima facie burden of establishing entitlement to judgment as a matter of law regarding those causes of action (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Questions of fact exist, inter alia, as to whether the appellant exercised supervision or control over the work performed (*see Lucas v KD Dev. Constr. Corp.*, 300 AD2d 634, 635 [2002]; *Penta v Related Cos.*, 286 AD2d 674, 675 [2001]). Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.