■ SCOTT GONNERMAN, Respondent-Appellant, v LAURA HUDDLESTON et al., Respondents, and LIGHTING MAINTENANCE, INC., Appellant-Respondent. [854 NYS2d 135]—

In an action to recover damages for personal injuries, the defendant Lighting Maintenance, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 9, 2006, as granted that branch of the motion of the defendant Maitra Associates, P.C., which was for summary judgment dismissing the cross claims insofar as asserted against it, and denied its cross motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it, and the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the same order as granted that branch of the motion of the defendant Maitra Associates, P.C., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Maitra Associates, P.C., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and substituting therefor a provision denying the motion; as so modified, the

order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff by the defendant Maitra Associates, P.C.

The Supreme Court properly denied the cross motion of the defendant Lighting Maintenance, Inc. (hereinafter LMI) for summary judgment, as its papers did not comply with the requirements of CPLR 3212 (b) (*see Thompson v Foreign Cars Ctr., Inc.,* 40 AD3d 965 [2007]; *Matsyuk v Konkalipos,* 35 AD3d 675 [2006]; *Wider v Heller,* 24 AD3d 433 [2005]; *Hamilton v City of New York,* 262 AD2d 283 [1999]). In any event, LMI failed to establish its prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]).

The Supreme Court erred in granting the motion of the defendant Maitra Associates, P.C. (hereinafter Maitra), for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In opposition to Maitra's prima facie showing that it was retained by the State merely to assure compliance with construction plans and specifications (*see Torres v CTE Engrs., Inc.,* 13 AD3d 359 [2004]; *Hernandez v Yonkers Contr. Co.,* 306 AD2d 379 [2003]), the plaintiff raised triable issues of fact as to whether Maitra had supervisory control or authority over the injury-producing activity (*see Walls v Turner Constr. Co.,* 4 NY3d 861 [2005]) or committed an affirmative act of negligence (*see Hernandez v Yonkers Contr. Co.,* 306 AD2d 379 [2003]; *Domenech v Associated Engrs.,* 257 AD2d 403 [1999]). Fisher, J.P., Lifson, Carni and McCarthy, JJ., concur.