Jose LAMELA, Consuela Lamela, his wife, per quod, Plaintiffs–Appellants,

v.

CITY OF NEW YORK, Defendant–Cross–Defendant–Cross–Claimant–Appellee,

Urbitran Associates, Inc., Defendant–Cross–Claimant–Cross–Defendant–Appellee,

Department of Environmental Protection, Department of Design & Construction, Defendants.

No. 08–3216–cv.

United States Court of Appeals, Second Circuit.

June 22, 2009.

Garth S. Wolfson, Mahoney & Keane, LLP, New York, N.Y. (Ginarte, O'Dwyer, & Winograd LLP, New York, N.Y., on the brief), for Appellants.

Howard K. Fishman (John T. Rafter, on the brief), French & Rafter, LLP, New York, N.Y., for Appellee City of New York.

Lori Samet Schwarz, Zetlin & De Chiara LLP, New York, N.Y., for Appellee Urbitran Associates, Inc.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Jose Lamela appeals from an order of the United States District Court for the Eastern District of New York (Cogan, *J.*) granting summary judg-

ment on all of Lamela's claims to Defendants–Appellees the City of New York (the "City") and Urbitran Associates, Inc. ("Urbitran"). On appeal, Lamela challenges the District Court's decision only with respect to its dismissal of his New York Labor Law Sections 241(6) and 200 claims. We assume the parties' familiarity with the facts and procedural history of this case, as well as with the scope of the issues presented on appeal.

We review the District Court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-movant and resolving all ambiguities against the movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Section 241(6) "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed." *Rizzuto v. L.A. Wenger Contracting Co.*, 91 N.Y.2d 343, 348, 670 N.Y.S.2d 816, 693 N.E.2d 1068 (1998) (internal quotation marks, citations, and emphasis omitted). A plaintiff bringing a claim under section 241(6) must allege violation of one of that statute's implementing regulations, i.e., the New York Industrial Code regulations. Section 23–4.2(h) of the Industrial Code, on which Lamela predicated his section 241(6) claim, provides in pertinent part that "[a]ny open excavation adjacent to a sidewalk, street, highway or other area lawfully frequented by any person shall be effectively guarded." 12 N.Y.C.R.R. § 23–4.2(h) (McKinney's 2002).

■ The District Court interpreted section 23–4.2(h) as not offering protection to workers like Lamela, reasoning that the language of section 241(6) expressly distinguishes between persons "lawfully frequenting" a premises and those "employed therein," and that only the former group had been explicitly mentioned in the regulation. The court further noted that if the New York Legislature had meant to protect employees working at an excavation site, it would not have limited the areas covered by section 23–4.2(h) to sidewalks, streets, and highways. In addition, the court relied on *Ruland v. Long Island Power Authority*, 5 A.D.3d 580, 581, 774 N.Y.S.2d 84 (App.Div.2004), a recent Appellate Division decision. In the absence of Court of Appeals authority on the scope of section 23–4.2(h)'s protection, the District Court was justified in relying on principles of statutory construction and *Ruland*. Although the Appellate Division in *Scarso v. M.G. Gen. Constr. Corp.*, 16 A.D.3d 660, 792 N.Y.S.2d 546 (App.Div. 2005) found that the plaintiff was permitted to bring a claim based on section 23–4.2(h) where he fell in an excavation after "climb[ing] into a company truck to retrieve a shovel," *id.* at 661, 792 N.Y.S.2d 546, the District Court was not required to follow this decision, because *Scarso* did not clearly indicate whether the plaintiff was an employee at the excavation site. We agree with the District Court's interpretation of section 23–4.2(h).

■ Lamela also contends that summary judgment was improper on his N.Y. Labor Law § 200 claim, in that there was a genuine issue of material fact with respect to both the City's and Urbitran's control over the excavation site and with respect to their notice of the defect that caused Lamela's injury. The District Court correctly concluded that Lamela adduced no evidence establishing Urbitran's supervisory control over the *specific* work in which Lamela participated, even though Urbitran had an inspector present at the excavation site daily and Urbitran inspect-

ed the site at the beginning and end of each work day. Similarly, the City's semi-regular presence at the work site and its contractual authority to promote safety did not amount to actual control over the work performed at the excavation site. Lamela's evidence also failed to raise an issue of material fact as to Defendants–Appellees' notice of the dangerous condition. For these reasons, we conclude that summary judgment was proper.

The judgment of the District Court is AFFIRMED.