# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**711**
**CA 13-01480**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

MICHAEL WROBEL, PLAINTIFF-APPELLANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF PENDLETON, ET AL., DEFENDANTS,
COUNTY OF NIAGARA, DEFENDANT-RESPONDENT-APPELLANT,
AND FOIT-ALBERT ASSOCIATES, ARCHITECTURE,
ENGINEERING AND SURVEYING, P.C.,
DEFENDANT-RESPONDENT.

---

CANTOR, DOLCE & PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL),
 FOR PLAINTIFF-APPELLANT-RESPONDENT.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ROBERT J. MULLINS, II, OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

SUGARMAN LAW FIRM, LLP, BUFFALO (BRIAN SUTTER OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Niagara
County (Richard C. Kloch, Sr., A.J.), entered April 12, 2013.  The order,
among other things, denied the motion of defendant County of Niagara for
summary judgment and granted the motion of defendant Foit-Albert
Associates, Architecture, Engineering and Surveying, P.C. for summary
judgment.

It is hereby ORDERED that the order so appealed from is unanimously
modified on the law by granting in part the motion of defendant County
of Niagara and dismissing the Labor Law § 240 (1) claim and the Labor
Law § 241 (6) claim insofar as it is based on the alleged violation of
12 NYCRR 23-4.2 (h) and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for leg injuries he sustained when he
stepped into a hole in the ground while working for the general contractor
at a construction site owned by defendant County of Niagara (County).
The construction project involved the widening of a County road and the
installation of new drainage lines along the road.  According to
plaintiff, he stepped into the hole, which he described as three or four
feet deep and filled with rainwater, while carrying a pipe that he and
coworkers intended to install in a trench.

The complaint, as amplified by the bill of particulars, alleges that
the County and its architect/engineer, defendant Foit-Albert Associates,

Architecture, Engineering and Surveying, P.C. (Foit-Albert), violated Labor Law §§ 200, 240 (1) and 241 (6), and that they were negligent in failing to provide him with a safe place to work. Following discovery, the County and Foit-Albert moved separately for summary judgment dismissing the complaint against them, and plaintiff cross-moved for partial summary judgment on liability on his section 240 (1) and 241 (6) claims. Supreme Court granted Foit-Albert's motion and dismissed the complaint against it, and denied the County's motion and plaintiff's cross motion, finding issues of fact for trial. Plaintiff appeals from the order insofar as it granted Foit-Albert's motion, and the County cross-appeals from the order insofar as it denied its motion.

We conclude with respect to plaintiff's appeal that the court properly granted Foit-Albert's motion. Addressing first Labor Law §§ 240 (1) and 241 (6), it is well settled that the duties of those sections "apply only to '[general] contractors and owners and their agents' " (*Brownell v Blue Seal Feeds, Inc.*, 89 AD3d 1425, 1427; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318). Here, Foit-Albert met its burden of establishing that it was not liable as an agent of the County, i.e., it did not have sufficient supervision or control over the activity that caused plaintiff's injury, or over the safety procedures employed at the site (*see Lopez v Dagan*, 98 AD3d 436, 437, *lv denied* 21 NY3d 855; *Baker v Town of Niskayuna*, 69 AD3d 1016, 1018; *Walker v Metro-North Commuter R.R.*, 11 AD3d 339, 341). Indeed, professional engineers, architects, and landscape architects who "do not direct or control the work for activities other than planning or design" are specifically immune from liability under Labor Law §§ 240 (1) and 241 (6) (*see* §§ 240 [1]; 241 [9]; *Harvey v Sear-Brown Group*, 262 AD2d 1006, 1006; *Carter v Vollmer Assoc.*, 196 AD2d 754, 754). Plaintiff failed to raise a triable issue of fact in opposition to those parts of the motion (*see Fecht v City of New York*, 244 AD2d 315, 315-316; *cf. Gonnerman v Huddleston*, 48 AD3d 516, 517).

Because Foit-Albert "exercised no control or supervision over either plaintiff's work or plaintiff's work site, and thus was not 'responsible for providing plaintiff with a safe workplace' " (*Severino v Hohl Indus. Servs.*, 300 AD2d 1049, 1050; *see Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1195), Foit-Albert was also entitled to dismissal of the Labor Law § 200 claim against it. Further, the court properly granted that part of Foit-Albert's motion with respect to the common-law negligence cause of action inasmuch as there was no showing that it "failed to use due care in the exercise of its professional services" (*Lopez v Dagan*, 98 AD3d 436, 439, *lv denied* 21 NY3d 855; *see Torres v CTE Engrs., Inc.*, 13 AD3d 359, 359-360; *Hernandez v Yonkers Contr. Co.*, 306 AD2d 379, 380).

We further conclude, however, that the court erred in denying that part of the County's motion seeking summary judgment dismissing the Labor Law § 240 (1) claim against it, and we therefore modify the order accordingly. Where, as here, a plaintiff falls into a hole while walking at ground level, the plaintiff's injury "[is] not caused by [defendants'] failure to provide or erect necessary safety devices in response to 'elevation-related hazards,' and, accordingly, the protections of Labor Law § 240 (1) do not apply" (*Piccuillo v Bank of N.Y. Co.*, 277 AD2d 93, 94; *see Alvia v Teman Elec. Contr.*, 287 AD2d 421, 422, *lv dismissed* 97

NY2d 749; *see also Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578, 580, *lv denied* 100 NY2d 516; *D'Egidio v Frontier Ins. Co.*, 270 AD2d 763, 766, *lv denied* 95 NY2d 765). The cases relied upon by plaintiff are factually distinguishable because they involve falls into excavated areas, as opposed to mere holes in the ground such as the one here (*see Covey v Iroquois Gas Transmission Sys.*, 89 NY2d 952, 953-954; *Wild v Marrano/Marc Equity Corp.*, 75 AD3d 1099, 1099; *Congi v Niagara Frontier Transp. Auth.*, 294 AD2d 830, 830; *Jiminez v Nidus Corp.*, 288 AD2d 123, 123). Unlike the excavation cases, this is not a case where protective devices enumerated in Labor Law § 240 (1), e.g., "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, [and] ropes" were designed to apply (*see Alvia*, 287 AD2d at 422).

The court also erred in denying that part of the County's motion with respect to the Labor Law § 241 (6) claim insofar as it is based on the County's alleged violation of 12 NYCRR 23-4.2 (h). We therefore further modify the order accordingly. Pursuant to that regulation, "[a]ny open excavation adjacent to a sidewalk, street, highway or other area lawfully frequented by any person shall be effectively guarded [or covered]." Although that regulation is sufficiently specific to support his claim (*see Scarso v M.G. Gen. Constr. Corp.*, 16 AD3d 660, 661, *lv dismissed* 5 NY3d 849), we agree with the County that plaintiff, as an employee at the work site, did not fall within the class of people intended to be protected by 12 NYCRR 23-4.2 (h) (*see Ruland v Long Is. Power Auth.*, 5 AD3d 580, 581; *Lamela v City of New York*, 560 F Supp 2d 214, 226-227, *affd* 332 Fed Appx 682 [2d Cir]; *cf. Scarso*, 16 AD3d at 661). As the District Court stated in *Lamela*, the State Commissioner of Labor, by applying 12 NYCRR 23-4.2 (h) to areas "lawfully frequented by any person," specifically "chose not to include the disjunctive class of 'persons employed therein' " (*id.* at 227).

The court properly denied that part of the County's motion with respect to the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (b) (1) (i), which provides that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing." That regulation is sufficiently specific to support a section 241 (6) violation (*see Scarso*, 16 AD3d at 661), and we have held that it applies to any " 'hazardous opening into which a person may step or fall . . . provided that [it is] one of significant depth and size' " (*Ellis v J.M.G., Inc.*, 31 AD3d 1220, 1221; *see Pilato v Nigel Enters., Inc.*, 48 AD3d 1133, 1134-1135; *cf. Farrell v Dick Enters.*, 227 AD2d 956, 956). We agree with the court that there is a triable issue of fact whether the County violated that regulation.

Finally, we conclude that the court properly found issues of fact that preclude an award of summary judgment to the County on plaintiff's Labor Law § 200 claim and common-law negligence cause of

action.