■ KENNETH D'ANDRIA, Individually and on Behalf of KENNETH T. D'ANDRIA, an Infant, Respondent, v COUNTY OF SUFFOLK, Respondent, and SIDNEY B. BOWNE & SON, C.E., Appellant, et al., Defendant.—In an action to recover damages for personal injuries sustained by infant plaintiff Kenneth T. D'Andria and for loss of services, defendant Sidney B. Bowne & Son, C.E., appeals from an order of the Supreme Court, Suffolk County (McInerney, J.), dated May 31, 1984, which denied its motion for summary judgment dismissing the complaint and any cross claims insofar as they are asserted against it.

Order modified, on the law, so as to grant that branch of defendant Sidney B. Bowne & Son, C.E.'s motion as sought dismissal as time barred plaintiff's second cause of action

insofar as it is asserted against it. As so modified, order affirmed, without costs or disbursements.

On September 20, 1980, infant plaintiff Kenneth T. D'Andria suffered extensive head injuries while riding a bicycle upon a mound of topsoil at a construction site near exit 54 of the Long Island Expressway in Suffolk County. The excavation work was being performed by defendant Central Suffolk Paving, Inc., and inspected by defendant Sidney B. Bowne & Son, C.E., under separate contracts with the State of New York.

The plaintiffs commenced this action against the County of Suffolk and Central Suffolk Paving, Inc., by service of a summons and complaint on November 8, 1982. The first cause of action, by Kenneth D'Andria on behalf of his son, alleged personal injuries arising out of negligence in the operation of the construction site. In the second cause of action, Kenneth D'Andria sought damages for medical expenses and the loss of his son's services.

On September 19, 1983, plaintiff served a supplemental complaint, also naming Sidney B. Bowne & Son, upon the Suffolk County Sheriff, extending the Statute of Limitations by 60 days under CPLR 203 (b) (5) (i). Although the original defendants received the supplemental complaint within the 60-day period, Sidney B. Bowne & Son was not properly served until November 22, 1983, three days after the expiration of the tolling period. When Sidney B. Bowne & Son moved for summary judgment dismissing the complaint and all cross claims against it, or, alternatively, for dismissal of the second cause of action against it as barred by the Statute of Limitations, Special Term denied the motion in its entirety.

We modify the order by granting that branch of Sidney B. Bowne & Son's motion which was to dismiss plaintiff's second cause of action as to it, but affirm the order in all other respects.

As to the first cause of action, it is of no consequence that defendant Sidney B. Bowne & Son was not served with the supplemental complaint within the statutory period since the Statute of Limitations was tolled under CPLR 208 on account of infancy. But since the second cause of action is a derivative claim, Kenneth D'Andria does not receive the benefit of the tolling provision afforded to his son (see, Rivera v Berkeley Super Wash, 44 AD2d 316, 326, affd 37 NY2d 395). Nor are the defendants "united in interest" under CPLR 203 (b), as plaintiff contends. Timely service of the supplemental complaint upon the codefendants did not toll the Statute of

Limitations as against Sidney B. Bowne & Son since any liability which may befall the defendants would be as the result of their own negligent conduct and would not be imputed to them from the negligence of others (*Connell v Hayden,* 83 AD2d 30; *see, Capital Dimensions v Oberman Co.,* 104 AD2d 432; *Steinberg v John Rosenblum, Inc.,* 205 Misc 760, 763).

Although we must dismiss the second cause of action as barred by the Statute of Limitations, a triable issue of fact exists as to the first cause of action. As engineers who were engaged by New York State to assure compliance with construction plans and specifications, Sidney B. Bowne & Son may only be held liable for the infant plaintiff's injuries when active malfeasance exists or when liability running to members of the general public is clearly imposed by contract (*see, Ramos v Shumavon,* 21 AD2d 4, *affd* 15 NY2d 610; *Conti v Pettibone Cos.,* 111 Misc 2d 772). The contract between Central Suffolk Paving, Inc., and the State of New York did impose an obligation upon the contractor to protect the general public from harm which might result from the operation of the construction site, and the terms of Central Suffolk Paving's contract were incorporated by reference into the contract between Sidney B. Bowne & Son and the State. But the Sidney B. Bowne & Son contract contained an express disclaimer of any liability toward third persons which might exist under the terms of the agreement. Notwithstanding the disclaimer, an issue remains regarding the extent of supervision or control actually exercised by Sidney B. Bowne & Son at the construction site, which could give rise to common-law or statutory liability (*see, Amerman v Lizza & Sons,* 45 AD2d 996; *Conti v Pettibone Cos., supra,* at p 777). Although Sidney B. Bowne & Son denied any active participation in the creation of the topsoil mound, plaintiff did present sufficient evidence of supervisory and safety inspection duties being performed by Sidney B. Bowne & Son to justify denial of that branch of the summary judgment motion as sought dismissal of the first cause of action. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.