■ FRANCIS BROOKS et al., Respondents-Appellants, v A.

GATTY SERVICE CO., INC., Defendant and Third-Party Plaintiff, and WILLIAM TIMM & ASSOCIATES, Appellant-Respondent, et al., Defendant. WHITE PLAINS HOUSING AUTHORITY, Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, etc., based on negligence, breach of warranty and strict products liability, (1) the defendant William Timm & Associates and the third-party defendant White Plains Housing Authority appeal from an order of the Supreme Court, Westchester County (Buell, J.), entered February 27, 1986, which denied their motions for summary judgment dismissing, respectively, the second amended complaint and the third-party complaint as against them, and (2) the plaintiffs cross-appeal from so much of the same order as denied their cross motion to add an additional party defendant.

Ordered that the order is modified, on the law, by striking therefrom the provision denying the motion of the defendant William Timm & Associates for summary judgment dismissing the complaint as against it, and substituting therefor a provision granting that motion. As so modified, the order is affirmed, without costs or disbursements.

The plaintiff Francis Brooks, an employee of the third-party defendant White Plains Housing Authority, was injured on June 18, 1982, while working with a refuse compactor which was manufactured by the defendant A. Gatty Service Co., Inc.

The defendant William Timm & Associates (hereinafter Timm), a licensed engineering firm, was hired by the third-party defendant While Plains Housing Authority to: "Inspect and test refuse compactor as supplied and installed by A. Gatty Service Co. Inc. to the White Plains Housing Authority under contract date November 16, 1979. The compactor machinery, its installation and performance are to be consistent with plans and specifications as bid by the White Plains Housing Authority." Timm moved for summary judgment on the ground that, as a consulting engineer retained by the White Plains Housing Authority to inspect and test the subject compactor, it could not be held liable to the injured workman, the plaintiff herein. We agree.

It is well settled in New York that liability may not be imposed upon an engineer, who is engaged to assure compliance with construction plans and specifications, for an injury sustained by a worker, unless the engineer commits an affirmative act of negligence or such liability is imposed by a clear contractual provision (see, Ramos v Shumavon, 21 AD2d 4, affd 15 NY2d 610; cf., D'Andria v County of Suffolk, 112 AD2d

397, 399; *Conti v Pettibone Cos.,* 111 Misc 2d 772, *affd* 90 AD2d 708). We find nothing in the letters sent by Timm to the Housing Authority on January 9, 1980, January 16, 1980, and July 17, 1980, or in the actions of Timm which constitutes affirmative negligence on its part. Accordingly, summary judgment must be granted to Timm.

We have examined the remaining arguments raised on appeal and find them to be without merit *(see, Coley v Michelin Tire Corp.,* 99 AD2d 795; *Catanese v Lipschitz,* 44 AD2d 579; *Hochschartner v Schneider,* 22 AD2d 867). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.