■ PATRICK GIORDANO, Respondent, v SEEYLE, STEVENSON & KNIGHT, INC., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [628 NYS2d 373] —In an action to recover damages for personal injuries based upon, *inter alia*, negligence and for liability assumed under contract, the defendants Seeyle, Stevenson & Knight, Inc., Bristol Contractor, Inc., and Forsythe Plumbing Company, Inc., separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 14, 1993, as denied those branches of their separate motions which were for summary judgment dismissing the plaintiff's causes of action to recover damages based on negligence and liability assumed under contract insofar as they are asserted against them.

Ordered that the order is modified on the law, by (1) deleting the provisions thereof which denied the branches of the appellants' motions which were for summary judgment on the plaintiff's causes of action based on contract and substituting therefor provisions granting those branches of the appellants' motions, and (2) deleting the provisions thereof which denied those branches of the motions of the defendants Seeyle, Stevenson & Knight, Inc., and Forsythe Plumbing Company, Inc., which were for summary judgment dismissing the plaintiff's causes of action to recover damages for negligence insofar as they are asserted against them and substituting therefor provisions granting those branches of those defendants' motions; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants Seeyle, Stevenson & Knight, Inc., and Forsythe Plumbing Company, Inc., payable by the plaintiff.

Several years after the New York City Transit Authority (hereinafter NYCTA) converted a Coney Island maintenance shop into a paint shop, the plaintiff, a NYCTA employee, was injured when he stepped off a forklift into a three-inch by five-inch hole in the alley of the shop. He sought to recover damages for his injuries from the conversion project's supervisory engineer, Seeyle, Stevenson & Knight, Inc. (hereinafter Seeyle), the general contractor, Bristol Contractor, Inc. (hereinafter Bristol), and the plumbing subcontractor, Forsythe Plumbing Company, Inc. (hereinafter Forsythe) which dug up the alley to install pipes.

In opposing the appellants' cross motions for summary judgment, the plaintiff produced, *inter alia*, portions of the general contractor's contract for the project. Another document showed

that a dispute of some kind had developed between Bristol and Seeyle over the amount of backfill used to restore the plumbing excavations in the alley.

Nothing in the language of the general contractor's contract would suggest that any of the appellants could be liable for personal injuries to a NYCTA employee *(see, Brooks v Gatty Serv. Co.,* 127 AD2d 553; *Conti v Pettibone Cos.,* 111 Misc 2d 772).* Therefore the Supreme Court should have granted those branches of the appellants' motions which were for summary judgment dismissing the plaintiff's causes of action to recover damages based on contract.

In order for liability for negligence to attach to the supervisory engineer, i.e. Seeyle, the plaintiff must show that Seeyle could or actually did exercise control over the construction site. The plaintiff here adduced no such evidence *(see, D'Andria v County of Suffolk,* 112 AD2d 397, 399). With respect to the plumbing subcontractor, Forsythe, the plaintiff adduced no evidence that it owed him a duty of care under the circumstances of this case.

On the other hand, the plaintiff did raise a triable issue of fact on the issue of whether the general contractor, Bristol, used the proper amount of fill in restoring the alley. If it is proved that Bristol used an inadequate amount to fill, it may be liable to the plaintiff for negligence *(see, Gurriell v Town of Huntington,* 129 AD2d 768). Bracken, J. P., Rosenblatt, Ritter and Goldstein, JJ., concur.