■ MARIO SURIANO et al., Respondents, v CITY OF NEW YORK, Appellant-Respondent, MANUEL ELKEN, Co., P. C., et al., Respondents, WILLETS POINT CONTRACTING CORP., Respondent-Appellant, et al., Defendants. [658 NYS2d 654] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Kings County (Schneier, J.), dated February 27, 1996, as granted the motion of the defendants Manuel Elken, Co., P. C., Manuel Elken, Manuel Elken, Inc., and Manuel Elken Consulting Engineers, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) an order of the same court, dated April 19, 1996, as (a) upon reargument, adhered to the original determination granting the motion of the defendants Manuel Elken, Co., P. C., Manuel Elken, Manuel Elken, Inc., and Manuel Elken Consulting Engineers, Inc., for summary judgment, and (b), in effect, denied its motion for leave to amend its cross claim. The defendant Willets Point Contracting Corp. cross-appeals, as limited by its brief, from so much of the order dated February 27, 1996, as (a) dismissed its cross claims against the defendants Manuel Elken, Co., P. C., Manuel Elken, Manuel Elken, Inc., and Manuel Elken Consulting Engineers, Inc., and (b), in effect, denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the City of New York from so much of the order dated February 27, 1996, as granted summary judgment to the defendants Manuel Elken, Co., P. C., Manuel Elken, Manuel Elken, Inc., and Manuel Elken Consulting Engineers, Inc., is dismissed, as that portion of the order was superseded by so much of the order dated April 19, 1996, made upon reargument; and it is further,

Ordered that the order dated February 27, 1996, is modified, on the law, by deleting the provision thereof which, in effect, denied that branch of the cross motion of Willets Point Contracting Corp. which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the cross motion; as so modified, the order dated February 27, 1996, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated April 19, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the defendants Manuel Elken, Co., P. C., Manuel Elken, Manuel Elken, Inc., and Manuel Elken Consulting Engineers, Inc., are awarded one bill of costs payable by the defendant City of New York.

The defendants Manuel Elken Co., P. C., Manuel Elken, Manuel Elken, Inc., and Manuel Elken Consulting Engineers, Inc. (hereinafter collectively Elken), a supervisory engineer hired by the City of New York (hereinafter the City) to oversee a construction project, was not the City's agent for purposes of imposing liability under Labor Law § 241 (6). There is no affirmative act of negligence on the part of Elken alleged by the City. Moreover, the contract between the City and Elken, while it provided that Elken was to inspect the construction site and report safety violations such as the one which allegedly caused Mario Suriano's accident, did not contain a provision allowing Elken to actually exercise control over the site (see, Giordano v Seeyle, Stevenson & Knight, 216 AD2d 439, 440; cf., Brooks v Gatty Serv. Co., 127 AD2d 553; D'Andria v County of Suffolk, 112 AD2d 397). Thus, Elken had no duty to protect Mario Suriano.

The City's cross claim against Elken, which sounds only in common-law contribution, was also properly dismissed, based upon Elken's lack of duty toward the plaintiffs. Having dismissed the City's cross claim against Elken, the City's motion for leave to amend that cross claim was properly denied.

The defendant Willets Point Contracting Corp. (hereinafter Willets Point), however, is entitled to summary judgment dismissing the complaint against it, on the basis of its defense pursuant to the Workers' Compensation Law (see, Workers' Compensation Law § 11).

We have reviewed the remaining contentions of Willets Point and find them to be without merit. Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.