■ CLAUDINA HERNANDEZ, Respondent, v YONKERS CONTRACTING COMPANY, INC., et al., Defendants, and BAKER ENGINEERING NY, INC., Appellant. [760 NYS2d 865] —In an action to recover damages for wrongful death and personal injuries, etc., the defendant Baker Engineering NY, Inc., appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered January 24, 2003, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff's decedent, a construction worker, died as a result of injuries which he sustained when he was caught between a 35-ton crane and a traffic barrier. The plaintiff brought this action against multiple defendants, including the appellant, Baker Engineering NY, Inc. (hereinafter Baker), to recover damages, inter alia, for wrongful death. The New York State Department of Transportation (hereinafter the DOT) had retained Baker as consulting engineer on the construction proj-

ect on which the plaintiff's decedent was working when he died. Pursuant to the contract, Baker was required to inspect the work of the contractor on the project.

The Supreme Court erred in denying Baker's motion for summary judgment dismissing the complaint insofar as asserted against it. "[I]t is well settled that liability for an injury sustained by a worker may not be imposed upon an engineer who was hired to assure compliance with construction plans and specifications, unless the engineer commits an affirmative act of negligence or such liability is imposed by a clear contractual provision" (*Domenech v Associated Engrs.*, 257 AD2d 403, 403-404 [1999]; *see Suriano v City of New York*, 240 AD2d 486, 487 [1997]; *Prado v Bowne & Sons*, 207 AD2d 875, 875-876 [1994]; *Brooks v Gatty Serv. Co.*, 127 AD2d 553, 554 [1987]; *see also Fecht v City of New York*, 244 AD2d 315 [1997]; *cf. D'Andria v County of Suffolk*, 112 AD2d 397 [1985]). Here, there is no evidence that Baker committed any affirmative act of negligence, and nothing in the contract between it and the DOT imposes any liability on it. Moreover, contrary to the plaintiff's contention, Baker did not exercise supervision and control over the activity resulting in the decedent's injury and death (*see Harvey v Sear-Brown Group*, 262 AD2d 1006 [1999]; *Fecht v City of New York, supra*; *Giordano v Seeyle, Stevenson & Knight*, 216 AD2d 439, 440 [1995]). Baker made out a prima facie case for summary judgment. In opposition, the plaintiff did not raise a triable issue of fact. Accordingly, Baker's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.