■ HERMAN I. WALKER, Appellant, v METRO-NORTH COMMUTER RAILROAD et al., Respondents, et al., Defendant. (And Other Actions.) [783 NYS2d 362]—

Orders, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about July 30, 2003 and November 6, 2003, which, inter alia, granted the motion of defendant Weintraub & diDomenico for summary judgment dismissing the complaint as against it, denied plaintiff leave to amend his bill of particulars to assert specific Industrial Code violations in support of his Labor Law § 241 (6) claim, and granted the cross motion of defendants Metro-North Commuter Railroad and Crow Construction Company for summary judgment insofar as to dismiss plaintiff's Labor Law § 241 (6) claims, unanimously modified,

on the law and the facts, to grant plaintiff leave to amend his bill of particulars to assert specific violations of the Industrial Code in support of his Labor Law § 241 (6) claim and to deny the cross motion of Metro-North and Crow for summary judgment dismissing plaintiff's Labor Law § 241 (6) claims as against them and to reinstate those claims, and otherwise affirmed, without costs.

The motion court granted summary judgment in Metro-North and Crow's favor, as unopposed, having rejected as untimely a "Second Cross Motion" submitted by plaintiff to, inter alia, obtain leave to amend his bill of particulars and oppose the cross motion of Metro-North and Crow. By order entered on or about November 6, 2003, the court denied plaintiff's motion to renew or reargue and adhered to its prior determination.

The failure to comply with CPLR 2215 or 2214 may be excused in the absence of prejudice (see Dinnocenzo v Jordache Enters., 213 AD2d 219 [1995]; Flannery v Goldsmith, 268 AD2d 267 [2000]). Here, the parties presented multiple summary judgment motions to the court. In plaintiff's first cross motion for partial summary judgment against defendant architects diDomenico & Partners sued herein as Weintraub & diDomenico (diDomenico), he submitted an affirmation of counsel which identified violations of 12 NYCRR 23-1.7 (e) and 23-1.13. In support of the alleged violation of 12 NYCRR 23-1.7 (e), counsel referred to a prior affidavit of its engineering expert that described the provision, but mistakenly identified it as 22 NYCRR 23-1.7 (e). While Metro-North and Crow complain that these submissions were addressed to diDomenico alone, they too were served with the cross motion, at which time they had yet to serve their cross motion. The underlying facts relating to the manner in which plaintiff was injured were the same for all defendants, and thus, Metro-North and Crow should not have been surprised when plaintiff attempted to assert the foregoing violations of specific Industrial Code provisions in opposition to Metro-North and Crow's own cross motion for summary judgment. Plaintiff's counsel evidently acted in good faith in submitting his second cross motion, and the papers should have been considered in opposition to the Metro-North/Crow cross motion.

To state a claim under Labor Law § 241 (6), a plaintiff must identify a specific Industrial Code provision mandating compliance with concrete specifications (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]). Contrary to plaintiff's contention, the failure to identify a qualifying section in the complaint or bill or particulars may serve as a basis for summary dismissal of a section 241 (6) claim (see e.g. Reilly v

*Newireen Assoc.*, 303 AD2d 214 [2003], *lv denied* 100 NY2d 508 [2003]). However, this failure is not necessarily fatal to a section 241 (6) claim and, in the absence of unfair surprise or prejudice, may be rectified by amendment, even where a note of issue has been filed (*see e.g. Padilla v Frances Schervier Hous. Dev. Fund Corp.*, 303 AD2d 194 [2003]; *Adams v Santa Fe Constr. Corp.*, 288 AD2d 11 [2001]; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231 [2000]). Here, it is plain that the amendment sought by plaintiff would have entailed no cognizable prejudice and should have been granted. Accordingly, Metro-North and Crow's cross motion predicated on plaintiff's failure to allege a specific Industrial Code violation should have been denied (*see Latino v Nolan & Taylor-Howe Funeral Home*, 300 AD2d 631 [2002]).

The motion court's grant of summary judgment dismissing all claims against diDomenico must be affirmed. Notwithstanding any obligation undertaken by diDomenico, the project architect, to assure compliance with its construction plans and specifications, liability for plaintiff's injury may not be imposed on it, since there is no evidence that it committed an affirmative act of negligence and there is no clear contractual provision creating an obligation explicitly running to and for the benefit of workers such as plaintiff (*see Hernandez v Yonkers Contr. Co.*, 306 AD2d 379 [2003]; *Giordano v Seeyle, Stevenson & Knight* 216 AD2d 439 [1995]; *Bernal v Pinkerton's, Inc.*, 52 AD2d 760 [1976], *affd* 41 NY2d 938 [1977]). Nor may Labor Law § 241 (6) or § 200 serve as a basis for imposing liability against a project architect as an "agent" of the owner unless the project architect controls and supervises the work or has the authority to direct the construction procedures or safety measures employed at the site (*see Carter v Vollmer Assoc.*, 196 AD2d 754 [1993]; *Davis v Lenox School*, 151 AD2d 230 [1989]). Here, the record furnished no ground to believe that these conditions of liability might be established as against diDomenico. Concur—Nardelli, J.P., Saxe, Sullivan, Ellerin and Sweeny, JJ.