| **Hernandez v City of New York** |
|:---:|
| 2025 NY Slip Op 32254(U) |
| June 25, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158153/2020 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**

*Justice*

PART 58

-----------------------------------------------------------------------------X

JULIO SALDANA HERNANDEZ,

Plaintiff,

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY, 509 W 34, L.L.C., 509 W 34 TRS, L.L.C., 509 W 34 MEZZ, L.L.C., 509 W 34 HOLDINGS, L.L.C., TISHMAN SPEYER PROPERTIES, L.P., TISHMAN SPEYER DEVELOPMENT CORPORATION, TURNER CONSTRUCTION COMPANY, NYC CONSTRUCTORS, LLC

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158153/2020 |
| MOTION DATE | 10/23/2024, 11/06/2024 |
| MOTION SEQ. NO. | 005 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 233, 234, 235, 236, 242

were read on this motion to/for _____REARGUMENT/RECONSIDERATION_____.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 237, 238, 239, 240, 241

were read on this motion to/for _____REARGUMENT/RECONSIDERATION_____.

Defendants move pursuant to CPLR 2221 for an order granting them leave to reargue the portions of the prior order dated September 5, 2024, which: (1) denied dismissal of the complaint against defendants NYC Constructors, LLC, Tishman Speyer Properties, L.P., Tishman Speyer Development Corporation, City of New York (City), New York City Industrial Development Agency (NYCIDA), 509 W 34 TRS, LLC, 509 W 34 Mezz, LLC, and 509 W 34 Holdings, LLC, and (2) denied dismissal of plaintiff's Labor Law 241(6) claim premised on a violation of Industrial Code 23-1.7(e)(2) (seq. 005). Plaintiff opposes.

158153/2020   SALDANA HERNANDEZ, JULIO vs. CITY OF NEW YORK
Motion No.  005 006

Page 1 of 4

[* 1]

Plaintiff moves pursuant to CPLR 2221 for an order granting leave to reargue the portions of the prior order that: (1) denied plaintiff summary judgment on liability based on defendants' violation of Industrial Code 23-1.7(e (1), and (2) granted defendants summary judgment on his claims for Labor Law 200 and common-law negligence and Labor Law 241(6) premised on a violation of Industrial Code 23-1.7(e)(1) (seq. 006). Defendants oppose.

"A motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [internal quotation marks and citations omitted], *lv dismissed and denied* 80 NY2d 1005 [1992]).

## I.    DEFENDANTS' MOTION

### A.    Defendants' liability

Defendants argue that their arguments regarding the propriety of certain defendants being held liable here were not addressed in the prior decision. As it appears that the arguments were not addressed, leave is granted to the extent of considering the arguments.

Based on the submitted evidence, defendants demonstrate that neither Tishman Properties nor NYC Constructors were "statutory agents" under the Labor Law, as they had no authority to supervise or control the work or work area at issue that were involved in plaintiff's accident (*see Rodriguez v Riverside Ctr. Site 5 Owner LLC*, 234 AD3d 623 [1st Dept 2025] [to be treated as statutory agent, party must have been delegated supervision and control either over specific work area involved or work which gave rise to injury]; *Lopez v Dagan*, 98 AD3d 436 [1st Dept 2012], *lv denied* 21 NY3d 855 [2013] [as defendant did not have authority to direct, supervise or control injury-producing work, it could not be liable as statutory agent of owners under Labor Law §§

**158153/2020   SALDANA HERNANDEZ, JULIO vs. CITY OF NEW YORK**                                **Page 2 of 4**
  **Motion No.  005 006**

2 of 4

[* 2]

240(1) or 241(6)]; *Hernandez v Yonkers Contr. Co.*, 306 AD2d 379 [2d Dept 2003] [claims dismissed against defendant as it did not exercise supervision and control over activity resulting in plaintiff's injury and death]).

Moreover, defendants City, NYCIDA, 509 W 34 TRS, 509 W 34 Mezz, 509 W 34 Holding, and Tishman Development establish that they were not owners or general contractors, or statutory agents thereof, and thus cannot be held liable under the Labor Law (*Rodriguez*, 234 AD3d at 625 [Labor Law only applies to owners, general contractors, and their statutory agents]). Nor did they control or supervise plaintiff's work, or provide any equipment or materials for the project.

In opposition, plaintiff fails to raise a triable issue as to these defendants' liability. His contention that the affidavits submitted by defendants are "inadmissible" has no merit; plaintiff had knowledge of the existence of the affiants and a chance to depose them before note of issue was filed, but failed to do so (*Mareneck v Bohemian Brethern Presby. Church*, 201 AD3d 471 [1st Dept 2022] [court should have not have disregarded affidavit, as affiant was identified during deposition and thus plaintiff knew that affiant had relevant information and had ample opportunity to request deposition]).

### B.      Industrial Code 23-1.7(e)(2)

Defendants contend that the court overlooked the fact that section 23-1.7(e)(2) does not apply as the accident did not occur in an open work area, and that even if it did apply, they had no notice of the piece of wood on which plaintiff allegedly tripped. However, those arguments were considered and rejected in the prior order, and thus defendants have not demonstrated that leave to reargue that portion of the order is warranted (*Setters v AI Props. and Devs. [USA]*

**158153/2020   SALDANA HERNANDEZ, JULIO vs. CITY OF NEW YORK**
  **Motion No.  005 006**

**Page 3 of 4**

3 of 4

[* 3]

*Corp.*, 139 AD3d 492 [1st Dept 2016] [reargument not meant to give unsuccessful party successive opportunity to reargue issues previously decided]).

## II.      PLAINTIFF'S MOTION

As plaintiff makes the same arguments in support of his motion that were considered and rejected in the prior order, leave to reargue is denied.

## III.      CONCLUSION

Accordingly, is hereby

ORDERED that defendants' motion for leave to reargue (seq. 005) is granted to the extent of granting leave as to defendants' liability under the Labor Law, and upon reargument, plaintiff's claims against defendants NYC Constructors, LLC, Tishman Speyer Properties, L.P., Tishman Speyer Development Corporation, City of New York, New York City Industrial Development Agency, 509 W 34 TRS, LLC, 509 W 34 Mezz, LLC, and 509 W 34 Holdings, LLC,  are hereby severed and dismissed; and leave is otherwise denied; it is further

ORDERED that plaintiff's motion for leave to reargue is denied (seq. 006).

20250625162640DC0HEN8331A1D048E6460D8CCA495883I0D33C

| 6/25/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **DAVID B. COHEN, J.S.C.** | |

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**158153/2020   SALDANA HERNANDEZ, JULIO vs. CITY OF NEW YORK**
**Motion No.  005 006**

**Page 4 of 4**