**Lazo v Bay Ridge Auto. Mgt. Corp.**

2025 NY Slip Op 32759(U)

August 7, 2025

Supreme Court, New York County

Docket Number: Index No. 155564/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. DAVID B. COHEN** | PART 58 |
| *Justice* | |

-----------------------------------------------------------------------------X

MANUEL JESUS ZHININ LAZO,

Plaintiff,

- v -

BAY RIDGE AUTOMOTIVE MANAGEMENT CORP.,
REDCOM CM INC.,TOYOTA MOTOR CREDIT
CORPORATION, 677 ELEVENTH AVENUE REALTY,
LLC,SKYLINE AUTOMOBILES INC.,MANHATTAN LUXURY
AUTOMOBILES INC.,REDCOM DESIGN & CONSTRUCT,
NAVENDRA OMRAO,

Defendants.

-----------------------------------------------------------------------------X

REDCOM CM INC., 677 ELEVENTH AVENUE REALTY, LLC,
REDCOM DESIGN & CONSTRUCT

Plaintiffs,

-against-

GLENCO CONTRACTING GROUP INC.

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155564/2020 |
| MOTION DATE | 07/30/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595781/2021

The following e-filed documents, listed by NYSCEF document number (Motion 002) 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 138, 140, 141, 142, 166, 167, 168, 169, 170, 171, 172, 173, 174, 184, 185

were read on this motion to/for             JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 139, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 175, 176, 177, 178, 179, 180, 181, 182, 183, 186, 187, 188

were read on this motion to/for             JUDGMENT - SUMMARY     .

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 1 of 18**

[* 1]

In this Labor Law action, in motion sequence 002, plaintiff moves pursuant to CPLR 3212 for summary judgment on his Labor Law §§ 200, 240(1), and 241(6) and common-law negligence claims against defendants.

In motion sequence 003, defendants move pursuant to CPLR 3212 for summary judgment dismissing the complaint and granting their third-party contractual indemnification and breach of contract claims against third-party defendant Glenco Contracting Group, Inc.

Motion sequence numbers 002 and 003 are hereby consolidated for disposition.

## I.    BACKGROUND

In this action, plaintiff seeks damages for personal injuries he allegedly sustained on July 26, 2019, when he was struck by a falling metal brace (the "Brace") during the course of his work on a construction project (the "Project") at 679 11th Avenue in New York County (the "Premises").

Plaintiff here asserts claims against defendant Redcom CM Inc. ("Redcom CM"), 677 Eleventh Avenue Realty, LLC ("677") and Redcom Design and Construct LLC ("Redcom Design") (collectively, defendants") pursuant to Labor Law §§§ 240(1), 241(6) and 200, and common law negligence.[1]

Defendants assert third-party claims against third-party defendant Glenco for contractual and common-law indemnification and breach of contract based upon Glenco's alleged failure to procure the requisite excess insurance.

---

[1] By stipulation dated October 1, 2020, plaintiff discontinued his action as against Toyota Motor Credit Corp. (NYSCEF Doc. No. 6). By Order dated February 2, 2021, plaintiff was granted a default judgment against Navendra Omrao on liability (NYSCEF Doc. No. 77). By stipulation dated June 13, 2023, plaintiff discontinued his action as against Bay Ridge Automotive Management Corp. ("Bay Ridge"), Skyline Automotives, Inc. and Manhattan Luxury Automotive Corp. (NYSCEF Doc. No. 77).

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 2 of 18**

2 of 18

*Plaintiff's Deposition Testimony (NYSCEF Doc. Nos. 102, 126)*

Plaintiff testified at his depositions that at the time of the accident, he was working for Glenco on the Project (August 1, 2022 tr. at 71-72, 74, 75, 79), his supervisor was a Glenco employee (*id.* at 72), and he received his daily work directions from other Glenco employees (*id.* at 89).

While he was working on the Project, no one from Redcom CM ever told him how to do his work (*id.* at 144), and he never had any conversations with anyone from Redcom Design (August 1, 2022 tr. at 96) or 667 (*id.* at 96-96).

Doka beams and braces were being used to construct walls on the Project, including on the date of the accident (*id.* at 111-114, 127); the beams ran vertically and the braces were attached to the beams (*id.* at 127, 129-130).

Plaintiff's accident occurred on a ramp that went from the first to the second floor of the Premises (*id.* at 114), and there were two separate scaffolds ("Scaffold 1" and "Scaffold 2") in the area of the ramp (*id.* at 69).

At the time of the accident, plaintiff was building a wall (*id.* at 118-119), and assisting a coworker, who was installing a brace, and plaintiff saw that the brace did not have a head (a "Cap") (*id.* at 46-47). Plaintiff went down through the ladder of Scaffold 1 to the first floor of the ramp to look for a Cap (*id.* at 46-48). While on the ramp, plaintiff saw two people (the "Two People") going up the ramp (*id.* at 49), and they were not holding the Brace when he saw them going up the ramp (*id.* at 59).

Immediately prior to the accident, plaintiff saw that one of the Two People was on Scaffold 2 and the other person was standing on the ramp (*id.* at 60, 75). The person on Scaffold

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 3 of 18**

3 of 18

[* 3]

2 had a rope tied to the Brace (*id.* at 60, 65) and the person on the ground was holding the Brace two to three feet in the air (*id.* at 65, 75, 141). The last time plaintiff saw the person on the ramp holding the Brace was when plaintiff was "walking the stairs" (*id.* at 76), and the last time he saw the Brace before his accident was "[w]hen I was going down the ladder from my wall" (*id.* at 77).

At the time of the accident, plaintiff was standing on the ramp (*id.* at 84), and he recounted that:

> I went down to pick up the head of the brace from the floor, I went down and I put my head down to pick it up from the floor. Then I tried to straight myself to get up, and then I heard something. When I was trying to put the head in my pouch, I heard something coming down. And then after that, I didn't see anything else. I fell down, and then I noticed that I was tried [sic] to get up, and I was dizzy and I was scared.

(*id.* at 57). The sound he heard was "[D]oca [sic] panels falling down" (*id.* at 57).

As plaintiff was picking up the Cap, the Two People "had the [B]race in their hands" (*id.* at 61). The top point of the Brace struck him on his right leg and left ankle, and he fell down onto the ramp (*id.* at 60, 78, 81, 84). Plaintiff did not see the Brace as the accident occurred but "felt that something was falling down" and "saw a shadow" (*id* at 78-79). However, he knew that the Brace had hit him "[b]ecause I found the brace on my legs and the guys, the two guys who were going up, they were very scared" (*id.* at 58-59).

***Deposition Testimony of Kevin Reilly, Glenco Concrete Safety Manager (NYSCEF Doc. No. 129)***

Reilly appeared for deposition on November 9, 2022, and testified that on the date of the accident, he was working for Glenco as a concrete safety manager on the Project (Reilly tr. at 8, 14). Glenco was a concrete subcontractor and was constructing a ramp and a building on the Premises (*id.* at 30-32). Glenco had its own employees working on the Project and did not hire

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
Motion No.  002 003

**Page 4 of 18**

[* 4]

4 of 18

subcontractors (*id.* at 37, 38). It also had a foreman working on the Project, who was Glenco's supervisor and competent person on the Project (*id.* at 20, 24),and oversaw its employees' work on the Project (*id.* at 84).

Redcom CM was the general contractor on the Project and it hired Glenco (*id.* at 16). "Amaro" was the only Redcom CM employee on the worksite on a daily basis. Reilly never saw Amaro tell Glenco's foreman or employees how to perform their work (*id.* at 86).

On the accident date, Reilly saw that plaintiff was limping and "asked him if he was ok" and "how and what" had happened (*id.* at 48-49). Plaintiff told him that he was carrying the Brace and had dropped it onto his own leg (*id.* at 49, 59); he said that "he was carrying a form -- again, I wasn't a witness to this accident. It was something that [plaintiff] was describing. So he was describing him carrying a brace and it scraping onto his leg" (*id.* at 23-25).

### *Deposition Testimony of Peter Cybriwsky, Redcom CM Supervisor (NYSCEF Doc. No. 128)*

At the time of the accident, Cybriwsky was working for Redcom CM as a supervisor (*id.* at 9), but he was not the supervisor on the Project nor did he have any role in it (*id.* at 11, 13). He had not seen the contracts relating to the Project nor did he know the owner of the Premises. (*id.* at 15-16)

"Vish Amaro" was Redcom CM's supervisor on the Project (*id.* at 14), and his responsibilities were "[t]o make sure that the subcontractors adhere to their scope of work and the drawings, blueprints" and to coordinate the subcontractors' work (*id.* at 10-11).

Cybriwsky did not know whether Redcom CM was the construction manager or general contractor of the Project (*id.* at 14-15), but "the only difference [between the two roles] really, in layman's terms, is a general contractor will give somebody a lump sum for the project, whereas construction managers will be paid a fee to help the owner of the property facilitate their

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 5 of 18**

5 of 18

construction" (*id.* at 15).  A general contractor and/or construction manager's duties and responsibilities "depends on the way the contract is structured" (*id.* at 15).

### *Deposition Testimony of John Malabre, Redcom CM CEO (NYSCEF Doc. No. 131)*

Malabre was the chief executive officer of Redcom CM at the time of the accident (Malabre tr. at 11-12), and previously had been the vice-president of Redcom Design (*id.* at 12).

Redcom CM was hired by 677 "as the construction manager as advisor" on the Project and not as a general contractor (*id.* at 13) - there was no general contractor on the Project (*id.* at 34).  Redcom CM "did not push a broom" or "swing a hammer," but only provided office administration and a licensed superintendent (*id.* at 14).  Redcom CM had one superintendent on the Project, (*id.* at 14-15), and its project managers did not supervise the work being done on the Project (*id* at 21).

"Redcom was responsible for retaining general conditions, such as security guards, toilet, portable toilets, debris removal" on the Project and it "entered into agreements" with these providers (*id.* at 33-34).  It also hired the site safety manager for the Project (*id.* at 34).

### *Affidavit of Gregory Redington, owner and president of Redcom Design, dated August 16, 2021 (NYSCEF Doc. No. 135)*

Defendants submit an affidavit by Gregory Redington, the owner and president of Redcom Design (NYSCEF Doc. No. 135, Defendants affirmation in support of summary judgment, exhibit S, Reddington aff. at ¶ 2).

Redington is fully and personally familiar with the operations of Redcom Design at the time of plaintiff's accident (*id.* at ¶ 4), and he states:

> Redcom Design & Construction had no legal connection to Plaintiff's employer Glenco and did not contract with Glenco for any work to be performed at 679 11th Avenue, New York, New York.
>
> . . .

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 6 of 18**

6 of 18

> Redcom CM and Redcom Design & Construction are two distinct corporations and businesses.
>
> . . .
>
> Redcom Design & Construction was not and is not the general contractor at 679 11th Avenue, New York, New York.
>
> Redcom Design & Construction did not contract with anyone or for any work at 679
> 11th Avenue, New York, New York.
>
> . . .
>
> As Redcom Design & Construction was not involved with the work at 679 11th Avenue, New York, New York and is not a proper party to this lawsuit."

(*id.* at ¶¶ 6, 8, 12, 13, 21).

### *Affidavit of Andrew Yarmis, Plaintiff's Expert (NYSCEF Doc. No. 113)*

Plaintiff submits an expert affidavit by Andrew Yarmis, a licensed Professional Engineer who has been qualified as an expert on issues relating to engineering, design, construction, codes, and safety in New York State Courts. Yarmis's opinion is based upon his review of the litigation materials, including deposition testimony.

Yarmis opines that defendants violated Labor Law §§ 240(1), 241(6) and 200, and that said violations were the proximate cause of plaintiff's accident, as follows:

> Rather than permitting the co-workers of [plaintiff] to attempt to lift and hold the Doka beam in place manually, the workers should have been instructed to have lifted and secured the Daka [sic] beam via the manufacturer indicated attachment points on the beam. . . Had such attachment points been utilized with proper cables and proper lifting equipment on July 25, 2019, rather than being improperly held elsewhere on the beam. . . the Doka beam would not have been able to have fallen out of the grip of the co-worker(s) of [plaintiff], and therefore would not have been able to have fallen from a height and struck [plaintiff] on July 25, 2019.

He further concludes that defendants are in violation of New York State Industrial Conde Rule §§ 23-1.5(a), 23-2.2(a), and 23-2.2(c)(3), as the Brace "was part of a

**155564/2020  ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

Page 7 of 18

[* 7]

concrete form that was not properly braced so as to maintain its position, and therefore . . . [Section 23-2.2(a)] was violated." He observes that "[t]here has been no evidence produced by Defendants reviewed to-date which indicates that the subject concrete form system was designed by a professional engineer licensed to practice in the State of New York."

Yarmis also opines that "[a]s Construction Manager, adviser, Superintendent, and Owner's Representative for the subject construction project, Redcom CM, Inc. also had the right, and obligation, to stop unsafe work practices on the construction site."

## II.     ANALYSIS

It is well established that "[t]he proponent of summary judgment must establish its defense or cause of action sufficiently to warrant a court's directing judgment in its favor as a matter of law" (*Ryan v Trustees of Columbia Univ. in the City of N.Y., Inc.*, 96 AD3d 551, 553 [1st Dept 2012] [internal quotation marks and citations omitted]). "Thus, the movant bears the burden to dispel any question of fact that would preclude summary judgment" (*id*). "Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]).

"[F]acts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citations omitted]). If there is any doubt as to the existence of a triable issue of fact, summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]; *Grossman v Amalgamated Hous. Corp.*, 298 AD2d 224, 226 [1st Dept 2002]).

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 8 of 18**

[* 8]

8 of 18

Plaintiff's claims as against Redcom Design

As plaintiff acknowledges that Redcom Design and Redcom CM are separate entities and does not oppose dismissal of his claims against Redcom Design (*see JPMorgan Chase Bank, N.A. v. Jones,* 194 AD3d 483, 483 [1st Dept 2021] [party's failure to oppose issue raised on summary judgment motion in effect concedes the issue]), they are dismissed.

Plaintiff's Labor Law § 241(6) claims

Plaintiff moves for summary judgment on his Labor Law § 241(6) claim based upon defendants' alleged violations of 12 NYCRR §§ 23-1.5(a), 2.2(a), and 2.2(c)(3) (motion seq 002).[2] However, plaintiff's complaint, verified bills of particulars, and supplemental bills of particulars fail to allege these specific Code sections as the bases for his Labor Law § 241(6) claims.[3]

The correct procedure for rectifying this failure is for plaintiff to move to amend his pleadings to include these alleged violations (*see e.g. Marte v. Tishman Constr. Corp.,* 223 AD3d 527, 528 [1st Dept 2024]; *Gjeka v Iron Horse Transp., Inc.*, 151 AD3d 463, 464-465 [1st Dept 2017]). Here, however, plaintiff has not moved to amend his pleadings and therefore, his Labor Law § 241(6) claims based upon these alleged violations are not considered (*cf. Doto v Astoria Energy II, LLC*, 129 AD3d 660 [2d Dept 2015] [plaintiff may rely on unpleaded Code violation *in opposition to* summary judgment motion] [emphasis added]).

Even if considered, Industrial Code 23-1.5(a) is insufficiently vague and cannot form the basis of a Labor Law violation (*McLean v Tishman Constr. Corp.*, 144 AD3d 534 [1st Dept 2016]). Industrial Code 23-2.2(a) is inapplicable absent any evidence that the Brace is a "form,

---

[2] Although Plaintiff argues in his memorandum of law that Defendants violated Industrial Code § 23-1.5, he only specifically argues that Defendants violated § 23-1.5 (a).

[3] NYSCEF Doc. No. 1, 19, 25, 34, 41, 42, 43, 45, 46, 47, 56, 57, 58

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 9 of 18**

shore, or reshore," and 23-2.2(c)(3) is inapplicable as there is no evidence that defendants did not use a professional engineer to design a form system or that the work at issue was not constructed and installed in accordance with the engineer's design plans and specifications.

Moreover, as plaintiff did not rely on any other Industrial Code violations, either in support of his motion or in opposition to defendants' motion, his claims pursuant to Labor Law 241(6) are dismissed (*Kempisty v 246 Spring St., LLC*, 92 AD3d 474, 475 [1st Dept 2012] ["Where a defendant so moves, it is appropriate to find that a plaintiff who fails to respond to allegations that a certain section is inapplicable or was not violated be deemed to abandon reliance on that particular Industrial Code section."]).

Plaintiff's Labor Law § 240(1) claim against 677

Labor Law § 240(1), also known as the Scaffold Law reads as follows:

Scaffolding and other devices for use of employees

1. All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Labor Law § 240(1) "imposes upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work" (*Barreto v Metropolitan Transp. Auth.,* 25 NY3d 426, 433 [2015]). Said liability applies to "injuries that are proximately caused by the failure to provide appropriate safety devices to workers subject to gravity-related risks" (*Ladd v Thor 680 Madison Ave LLC*, 212 AD3d 107, 111 [1st Dept 2022]).

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 10 of 18**

[* 10]

"[T]he single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]).

Plaintiff argues that defendants violated section 240(1) as the Brace was nor properly secured and it fell on him. Defendants assert that the accident did not involve a falling object, but rather that plaintiff hurt himself with the Brace.

Here, plaintiff fails to establish, prima facie, that the accident occurred as he alleges, given the conflicting testimony between plaintiff and his supervisor. Plaintiff does not deny having had the described conversation with Reilly, nor making a contradictory statement as to how the accident occurred. As such, his statement to Reilly is a party admission and sufficient to raise an issue as to the cause of the accident (*Rosa v 47 E. 34th St. (NY), L.P.*, 208 AD3d 1075, 1079 [1st Dept 2022] citing *Delgado v Martinez Family Auto*, 113 AD3d 426, 427 [1st Dept 2014]; *Grieve v. McRt Northeast Constr.*, 197 AD3d 623, 625 [2d Dept 2021]; *see also Gkoumas v. Lewis Constr. & Architectural Mill Work,* 233 AD3d 609, 609 [1st Dept 2024]).

Plaintiff's motion for summary judgment is thus denied as to his Labor Law §240 (1) claim against 677, and for the same reasons, defendants' motion for dismissal of this claim against 677 is also denied.

Plaintiff's Labor Law § 200 and common law negligence claims against 667

Labor Law § 200 (1) states, in pertinent part, as follows:

All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons.

**155564/2020 ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No. 002 003**

**Page 11 of 18**

11 of 18

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005] citing *Comes v N.Y. State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). "[T]here are 'two broad categories' of personal injury claims: 'those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed.'" (*Rosa v 47 E. 34th St. [NY], L.P.*, 208 AD3d 1075, 1081 [1st Dept 2022], quoting *Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 144 [1st Dept 2012]).

> Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it. Where the injury was caused by the manner and means [means and methods] of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work.

(*Cappabianca* at 144 [internal citations omitted]; *see also Toussaint* at 94 [to recover under Labor Law § 200 "a plaintiff must show that an owner or general contractor exercised some supervisory control over the operation"]). Neither common-law negligence nor Labor Law § 200 renders an owner or general contractor vicariously liable for the negligence of a subcontractor (*see DeMaria v RBNB 20 Owner, LLC,* 129 AD3d 623, 625 [1st Dept 2015]).

Here, the accident arose from the means and methods of plaintiff's work, and there is no evidence that 677 exercised supervisory control over plaintiff's work. 677 is therefore entitled to summary dismissal of these claims against it (*see Hartrum v Montefiore Hosp. Hous. Section II Inc.*, 237 AD3d 429 [1st Dept 2025] [accident arose from means and methods of work, namely, hoisting of sheet metal, and no evidence that anyone exercised supervisory control over means and methods of activity other than plaintiff's foreman]).

Plaintiff's Labor Law §§ 240(1) and 200 claims against Redcom CM

**155564/2020 ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No. 002 003**

**Page 12 of 18**

12 of 18

[* 12]

Defendants argue that Redcom CM is not a proper Labor Law defendant, as it was only the construction manager on the Project, and was not the owner or general contractor's statutory agent. Plaintiff argues in opposition that Redcom CM was the general contractor on the Project based on its Project duties and responsibilities.

> Although a construction manager of a work site is generally not responsible for injuries under Labor Law § 240(1), one may be vicariously liable as an agent of the property owner for injuries sustained under the statute in an instance where the manager had the ability to control the activity which brought about the injury. When the work giving rise to the duty to conform to the requirements of section 240(1) has been delegated to a third party, that third party then obtains the concomitant authority to supervise and control that work and becomes a statutory agent of the owner or general contractor. Thus, unless a defendant has supervisory control and authority over the work being done when the plaintiff is injured, there is no statutory agency conferring liability under the Labor Law.

(*Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005] [internal quotation marks and citations omitted]).

> To hold a defendant liable under the Labor Law as a statutory agent of either the owner or the general contractor, it must be shown that the defendant had the authority to supervise and control the injury-producing work. The determinative factor is whether the defendant had the right to exercise control over the work, not whether it actually exercised that right. Where the owner or general contractor delegates to a third party the duty to conform to the requirements of the Labor Law, that third party becomes the statutory agent.

(*Santos v Condo 124 LLC*, 161 AD3d 650, 653 [1st Dept 2018] [internal quotation marks and citations omitted]).

A construction manager is deemed an owner's statutory agent when its contractual agreements "impose not only the responsibility to coordinate the work but also a broad responsibility for overall job site safety, including the implementation of … measures to ensure worker safety" (*Lind v Tishman Constr. Corp. of N.Y.*, 180 AD3d 505, 505 [1st Dept 2020] [internal quotation marks and citation omitted]). However, a construction manager is not a

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 13 of 18**

13 of 18

statutory agent where the operative contract "did not confer upon the construction manager the right to exercise supervisory control over the individual contractors" (*DaSilva v Haks Engrs. Architects and Land Surveyors, P.C.*, 125 AD3d 480, 481 [1st Dept 2015]).

Defendants submit a contract between Glenco and 677 dated March 4, 2019 (the "Contract") (NYSCEF Doc. No. 136, Defendants affirmation in support of summary judgment, exhibit T), which names Glenco as the "Contractor" for the concrete work, and Redcom CM as the construction manager on the Project. Redcom also provided to Glenco "Supplementary Conditions" for the Project, on Redcom's letterhead (*id.*). Neither agreement, however, describes the scope of Redcom CM's responsibilities on the Project, and thus does not establish that Redcom CM had been delegated the right to exercise supervisory control over workers.

Moreover, plaintiff and his supervisor testified that no one from Redcom CM ever supervised plaintiff or Glenco's work, which is consistent with Redcom CM's testimony. Redcom CM thus demonstrates that it may not be deemed a statutory agent here (*see Rodriguez v Riverside Ctr. Site 5 Owner LLC*, 2025 WL 1954095 [1st Dept 2025] [to be treated as statutory agent, party must have been delegated supervision and control either over specific work area involved or work which gave rise to injury]; *Lopez v Dagan*, 98 AD3d 436 [1st Dept 2012], *lv denied* 21 NY3d 855 [2013] [as defendant did not have authority to direct, supervise or control injury-producing work, it could not be liable as statutory agent of owners under Labor Law §§ 240(1) or 241(6)]; *Hernandez v Yonkers Contr. Co.*, 306 AD2d 379 [2d Dept 2003] [claims dismissed against defendant as it did not exercise supervision and control over activity resulting in plaintiff's injury and death]).

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 14 of 18**

[* 14]

14 of 18

Therefore, plaintiff's motion for summary judgment against Redcom CM is denied, and defendant's motion for summary dismissal of plaintiff's Labor Law 240(1) and 200 claims as against Redcom CM is granted.

Defendants' third-party contractual indemnification claim against Glenco

Defendants argue that they are entitled to contractual indemnification from Glenco based upon the language of the Contract between 677 and Glenco, and as plaintiff's accident arose out of Glenco's work on the Project defendants were not negligent as to the accident. Glenco argues in opposition that there are triable issue of fact as to defendants' negligence.

"A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (*Karwowski v 1407 Broadway Real Estate, LLC*, 160 AD3d 82, 87-88 [1st Dept 2018] quoting *Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774, 777 [1987]). Summary judgment on a contractual indemnification claim is warranted where the intent to indemnify is clear and there is no is no basis to conclude that the indemnified party was negligent as to the underlying accident (*see e.g. Hong-Bao Ren v Gioia St. Marks, LLC,* 163 AD3d 494, 494 [1st Dept 2018]).

The Contract includes an indemnification provision requiring Glenco to "the fullest extent permitted by law…indemnify, defend and hold harmless Owner. . ., Redcom CM, Inc, Redcom Design & Construction LLC. . . from and against any and all liabilities. . . in connection with and/or arising from or out of the following. . . performance of the Work. . ." (Contract, exhibit H1). It is undisputed that plaintiff's accident was connected with or arose from the performance of Glenco's work.

**155564/2020 ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE
Motion No. 002 003**

**Page 15 of 18**

15 of 18

As all of plaintiff's claims against 677 have been dismissed, except for plaintiff's Labor Law 240(1) claim, and as 677's liability therefor would only be vicarious, 677 is entitled to indemnity from Glenco (*see Guzman v 170 W. End Ave. Assocs.*, 115 AD3d 462 [1st Dept 2014] [granting unconditional indemnity to defendants as their negligence was purely vicarious under Labor Law 240(1)]).

Defendants' third-party claim against Glenco for breach of contract for failure to obtain insurance

Defendants argue that the Contract required Glenco to obtain $5,000,000 in excess insurance naming them as additional insureds and that Glenco failed to do so.

The Contract requires that Glenco obtain excess liability insurance "with limits of not less than $5,000,000 per occurrence in excess of the limits provided by the employer's liability. . ." and naming defendants as additional insured parties (Contract, exhibit H1).

Glenco submits a State National Insurance Company-issued commercial general liability policy (the "SNIC Policy"), an excess declarations page from a Starr Indemnity & Liability Company-issued excess liability policy (the "Starr Policy"), and an excess declarations page from a Navigators Insurance Company-issued excess liability policy (the "Navigators Policy"). All three policies were issued to Glenco and in effect at the time of the accident (NYSCEF Doc. No. 181, 182, 183).

The SNIC Policy provides limits of $2,000,000 each occurrence and $4,000,000 per aggregate, and includes defendants as additional insured parties (SNIC Policy, endorsement #2). The excess liability declarations page from the Starr Policy indicates that it provides coverage limits of $3,000,000 for each occurrence and $3,000,000 per aggregate. The excess declarations page from the Navigator's Policy indicates that it provides coverage limits of $6,000,000 for each occurrence and $6,000,000 per aggregate.

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 16 of 18**

Although the Starr and Navigator Policies' excess declarations pages do not specifically indicate that defendants were named as additional parties thereto, Glenco's submissions are sufficient to create an issue of fact as to whether it obtained the excess insurance required by the Contract.

As such, defendants are not entitled to summary judgment on their third-party claim for failure to obtain insurance against Glenco.

The parties' remaining arguments have been considered and found unavailing.

### III.     CONCLUSION

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment (motion sequence 002) is denied in its entirety; and it is further

ORDERED that defendants' motion for summary judgment dismissing the complaint (motion sequence 003) is granted to the extent that:

(1) plaintiff's claims are severed and dismissed as against defendants Redcom Design & Construction, LLC and Redcom CM Inc.;

(2) plaintiff's Labor Law 241(6) claims are severed and dismissed; and

(3) plaintiff's Labor Law 200 and common-law negligence claims are severed and dismissed; and

(4) defendant 677 Eleventh Avenue Realty, LLC is granted judgment on its third-party contractual indemnity claim against third-party defendant Glenco Contracting Group, Inc.; and the motion is otherwise denied; and it is further

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**
**Motion No.  002 003**

**Page 17 of 18**

17 of 18

ORDERED that the clerk is directed to enter judgment accordingly.

20250807164004DBCOHEN9ADB34B55F7548708510481D9E5BB5ECD

| 8/7/2025 | | DAVID B. COHEN, J.S.C. |
|---|---|---|
| **DATE** | | |

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155564/2020   ZHININ LAZO, MANUEL JESUS vs. BAY RIDGE AUTOMOTIVE**          **Page 18 of 18**
**Motion No.  002 003**

18 of 18

[* 18]